## No. 912.

DARBY & TREMOULET ET AL. VS. WIDOW CHARLES LASTRAPES.

This suit is to collect the balance of an account rendered. The defense is a general denial and the prescription of three years. The accounts were rendered and sent to the defendant when the supplies, etc., were furnished, regularly and in the usual way, and the account sued upon was sent by the regular vehicles of communication. The presumption is that they were received by the defendant. No evidence was introduced to rebut this presumption.

A written acknowledgment is not necessary to constitute an account stated. An account rendered, unless objected to within a reasonable time, is an account closed, *compte arrete,* from its presumed approval. What is a reasonable time will depend upon the relations of the parties and the usual course of their business. An account closed, *un compte arrete,* is prescriptible only by the lapse of ten years, and the *onus* was on the defendant to show that any portion of it was not due, which has not been done.

APPEAL from the Third Judicial District Court, parish of St. Martin. *Train,* J. *L. J. Gary* and *A. C. Dumartrait,* for plaintiffs and appellants. *DeBlanc & Perry,* for defendant and appellee.

LUDELING, C. J. This suit is to collect the balance of an account rendered by Darby & Tremoulet, commission merchants of defendant, for $1338 44, which account was closed on the third of September, 1862. Citation was served in this case on the first of September, 1866. The Widow Lastrapes having died, her heirs were made parties, and they adopted her defense. The defense is a general denial and the prescription of three years.

The evidence shows that the accounts were rendered and sent to the defendant when the supplies, etc., were furnished, regularly and in the usual way, and that the account sued upon was sent by the regular vehicles of communication. The presumption is that they were received by the defendant, and no evidence was introduced to rebut this

presumption. A written acknowledgment is not necessary to constitute an account stated. An account rendered, unless objected to within a reasonable time, is an account stated, *compte arrété*, from its presumed approval. What is a reasonable time will depend upon the relations of the parties and the usual course of their business. 4 An. 196; Freeman vs. Howell, 18 La. 517; 3 R. 362; 20 An. 116. We think the account sued upon is an account stated and prescriptible only by the lapse of ten years; and the *onus* was on the defendant to show that any portion of it was not due, which has not been done. The fact that some of the items are shown to have been for Mr. Alfred Lastrapes, a son of defendant, does not prove that they were not properly charged to her account.

It is therefore ordered that the judgment of the lower court be reversed, and that the plaintiffs recover judgment against the defendants jointly for the sum of $1338 44, with five per cent per annum from the third of September, 1862, with costs in both courts.