## JAMES CAVENY

*v.*

## HERMAN WEILLER.

1. PRACTICE—*waiver of objection.* If a defendant, after the court decides his affidavit setting up his defense under the five-day rule to be insufficient, takes no exception, but asks and obtains leave to file a new affidavit, he can not assign the ruling upon the first for error.

2. SAME—*party must except, if he designs to urge ruling as error.* Unless a defendant takes an exception to the ruling of the court in allowing a motion for a speedy trial, and trying the case out of its order on the docket, and before it has been reached on the regular call, the propriety of the action of the court can not be reviewed in this court.

3. INSTRUCTION—*to find for the plaintiff.* An instruction to a jury to whom an issue of fact is submitted, that the plaintiff is entitled to recover, is subject to criticism, and in most cases will work a reversal.

4. ERROR—*when will not reverse.* This court will not reverse a judgment for an erroneous instruction to find for the plaintiff, when, under the evidence, the verdict could not have been different from what it was.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. CHESTER KINNEY, for the appellant.

Mr. ADOLPH MOSES, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Weiller sued Caveny, in assumpsit, as guarantor of a promissory note, and recovered a judgment against him.

The first error assigned is, that the court erred in overruling appellant's affidavit setting up his defense, filed under the five-day rule. Had appellant intended to rely on that affidavit, he should not have abandoned it, but should have stood by it. He did not even except to the ruling of the court holding it to be insufficient, but asked and obtained from the court leave to file a new affidavit. This was an acquiescence

by him in the action of the court. *Stuber* v. *Schack,* 83 Ill. 191; *Culver* v. *Johnson, ante,* 91.

It is also urged, the court erred in allowing the motion of plaintiff below for a speedy trial in said cause, and in taking the case up for trial out of its order, and before it had been reached on the regular call of the docket, and in overruling appellant's objections to such advancement. As no exception was taken to the action of the court in ordering an immediate trial, the propriety of its conduct in this regard is not before us for examination.

It is further insisted, the court below erred and entirely ignored the province of the jury by giving them the following instruction:

"The plaintiff is entitled to recover the amount due upon the note in evidence, after allowing what has been paid upon it."

This mode of instructing a jury to which an issue of fact has been submitted, is subject to criticism, and in most cases would work a reversal; but we have carefully examined the evidence in the case at bar, and find it clearly sustains the verdict. The evidence of appellee fully made out his case, and there was no defense whatever shown by appellant. Any other verdict would have been unwarranted, and the error should not be allowed to avail to the disturbance of the judgment. Appellant was not injured by the instruction, as the verdict of the jury could not, under the evidence, have been different from what it was. *Hazen* v. *Pierson,* 83 Ill. 241; *Crowley* v. *Crowley,* 80 id. 469; *Stobie* v. *Dills,* 62 id. 433.

There is no sufficient ground for a reversal in this record.

The judgment will be affirmed.

*Judgment affirmed.*