THE NORTHWESTERN BENEVOLENT AND MUTUAL AID ASSOCIATION

*v.*

MARY A. HALL.

*Filed at Springfield October 6, 1886.*

1. PRACTICE—*propositions of law—on trial by the court without a jury.* Where there is a trial before the court, without a jury, in order to present a question of law to this court as having been passed upon by the court below, the party should submit propositions of law to the trial court, as provided for in section 42 of the Practice act.

2. EVIDENCE—*relevancy—in suit on life insurance certificate—as to use of alcoholic liquors by the assured.* In an action upon a certificate in the nature of a policy of life insurance, where the application of the assured

showed that he drank no alcoholic liquors at all, and the validity of the policy depended upon the truth or falsity of the representations in such application, a medical expert of the association issuing the certificate was asked whether the application would have been favorably passed upon if it had shown that the applicant drank liquor, to which the court sustained an objection: *Held,* that the question was properly disallowed, the real issue being whether the statements in the application were true or false.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding.

Messrs. McNULTA & WELDON, and Mr. HAMILTON SPENCER, for the appellant:

The validity of this contract depended upon the truth of the warranty. The materiality to the risk of whether the assured did or did not get drunk, did or did not use alcoholic stimulants, or the good or bad faith of the assured in making the statement warranted to be true, is of no consequence. The engagement of the assured is absolute—that he never did get drunk, that he did not drink at all. The facts being that he did get drunk, that he did drink, the certificate is void. *Life Ins. Co.* v. *France,* 91 U. S. 510; *Jeffries* v. *Life Ins. Co.* 22 Wall. 52; *Hartman* v. *Insurance Co.* 21 Pa. St. 466.

Because the court excluded the testimony of Dr. Lambert, the medical expert, offered to show the materiality of the answers of the applicant, and that under the practice and common course and rules of business of the company, with different answers the application would have been rejected. *Hartman* v. *Insurance Co.* 21 Pa. St. 471.

Messrs. TIPTON & BEAVER, for the appellee:

That the opinions of the medical expert were not admissible, see *Rawls* v. *Life Ins. Co.* 27 N. Y. 293; *Insurance Co.* v. *Cotheal,* 7 Wend. 72; *Davell* v. *Bederly,* 1 Holt, 283; *Life Ins. Co.* v. *Worthington,* 10 Kan. 532; 3 Eng. C. L. 119; 27 id. 27; *Campbell* v. *Richards,* 5 Barn. & Ad. 480.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit, brought by appellee, who is the widow of one Benjamin T. Hall, deceased, against appellant, in the circuit court of McLean county, upon a certificate of membership in appellant company, bearing date September 27, 1884, for the sum of $2000, issued to the said Benjamin T. Hall. The circuit court, after a trial of the cause, by agreement, without a jury, rendered judgment, in favor of appellee, for $2000 and costs. This judgment, upon appeal, has been affirmed by the Appellate Court for the Third District, and appellant company prosecutes its further appeal to this court.

The certificate in question was, in effect, a policy of insurance upon the life of the deceased Hall. It certifies, that he is entitled to all the rights and privileges of membership in appellant company and to participate in the beneficiary or relief fund of the association, to the amount of $2000, "which sum or such part thereof as may be collected, as specified in the constitution and by-laws of the association, shall, within sixty days after his death, be paid to his wife, Mary J. Hall." It also recites, that it is issued upon condition, that Hall "shall comply with the constitution and by-laws of the association, and that the statements in the application for this certificate are true." Hall died December 4, 1884, and proofs of death were made by January 2, 1885.

The application, referred to, which was signed by Hall, contained, among others, the following questions and answers: "Q. Has your general health been uniformly good for the past ten years?—A. Yes.—Q. Do you use alcoholic or other stimulants?—A. No.—Q. If so, do you drink regularly?—A. Not at all—Q. Do you ever get drunk?—A. No." In the application, Hall agreed, that such "application and declaration" should be the basis of the contract between him and the association, "and that, if any misrepresentation or fraud-

ulent or untrue answers have been made, or any facts, which should have been stated, have been suppressed, if death should result from suicide, etc.," then the agreement should be void, and the moneys paid should be forfeited. He, also, therein declared, that he had made full and correct answers to all the questions, and warranted such answers to be true and complete statements of all material facts within his knowledge, and agreed, that, if he should at any time impair his health by immoral practices, or the excessive use of alcoholic stimulants or narcotics, the contract should be void.

Upon the issues, made in the case, the questions presented for the decision of the trial court, were purely questions of fact. They were, first, was the condition of health of the insured uniformly good for the space of ten years next before his application for membership? Second, were the habits of the deceased, as to the use of alcoholic liquors, such as to amount to a breach of his contract? Third, did the deceased commit suicide? The appellant company sought to show, that Hall poisoned himself by taking strychnine. There was no positive proof, that he had taken such a poison. There was proof, tending to show, that the pains in his head, of which he complained, and the spasms, which immediately preceded his death, may have been caused by some other disease, not the result of strychnia poison. It is not claimed, that there was any examination of his stomach by a chemist after his decease, and the expert testimony tends to show, that such an examination was the only absolutely certain test of the presence of strychnia.

The questions of fact, so presented to the circuit court, were decided against appellant. As the Appellate Court has affirmed the judgment of the circuit court, it must, of necessity, have found, that the evidence sustained the judgment of the trial court. Such finding is conclusive upon us. (*Germania Fire Ins. Co.* v. *McKee*, 94 Ill. 498.) The appellant did not, as it had a right to do, under the 42d section of the

Practice act, submit to the trial court "written propositions to be held as law in the decision of the case." Where there is a trial before the court without a jury, in order to present a question of law to this court, as having been passed upon by the court below, the party should submit propositions of law to the trial court, as provided for in the section, referred to. (*Tibballs* v. *Libby*, 97 Ill. 552 ; *Hobbs* v. *Ferguson's Estate*, 100 id. 232.) As this was not done, there is nothing for us to consider, except the point hereafter stated.

A physician, who was the medical expert of appellant, was asked several questions, to which objection was made and sustained. They were, in substance, whether Hall's application for membership in the association would have been favorably passed upon, if it had been stated in such application, that he drank liquor. We think, that the objections to these questions were properly sustained. The real issue was, whether the statements, made in the application, were true or false. What would have been the effect, if some different statement from that, therein contained, had been made to the association, was of no consequence. The witness might give his opinion on a matter of science, connected with his profession, but he could not be allowed to state his views of the manner, in which others would probably be influenced, if certain specified facts existed. Testimony, called for by questions of a similar character, has been held to be improper in the following cases : *Washington Life Ins. Co.* v. *Haney*, 10 Kan. 525 ; *Rawls* v. *American Mutual Life Ins. Co.* 27 N. Y. 282 ; *Durrell* v. *Bederly*, 1 Holt, 283 ; *Campbell* v. *Rickards*, 5 Barn. & Adolph. 840.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*