THE FIRST NATIONAL BANK OF MICHIGAN CITY *et al.*

*v.*

SIMON D. HASKELL *et al.*

*Filed at Ottawa May 9, 1888.*

PRACTICE—*trial by the court without a jury—how to preserve questions for review.* Where there is a trial before the court, without a jury, in order to present a question of law to this court the parties should present propositions of law to the trial court, as provided for in section 42 of the Practice act.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. HERVEY H. ANDERSON, for the appellants.

Messrs. TENNEY, BASHFORD & TENNEY, for the appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

On October 13, 1884, appellees commenced a suit in attachment, in the Superior Court of Cook county, against William Mellors & Son, residents of the State of Indiana, to recover an indebtedness of $2074.02 for goods sold and delivered. The attachment writ was served upon the appellants as garnishees, the bank having been served October 18, 1884, and Einstein & Rosenthal October 13, 1884.

Interrogatories were filed to be answered by the garnishees; the garnishees filed their answers and the answers were traversed by the plaintiffs. Mellors & Son made no defense to the claim, and judgment by default was rendered against them for the full amount of their indebtedness to the plaintiffs.

Upon the issues made by the interrogatories and the answers thereto, the cause was submitted by agreement to the court' for trial without a jury; the finding was in favor of the plain-

tiffs; new trial was refused and judgment rendered against the bank for $1683.68, and against Einstein & Rosenthal for $1540.08, the latter to be satisfied on payment of the former.

Upon appeal to the Appellate Court of the First District, the latter court has affirmed the judgment of the Superior Court, and the case comes before us upon the appeal of the garnishees from the judgment of the Appellate Court.

Einstein & Rosenthal, who lived in the city of Chicago, held, as bailees, certain money and property belonging to Mellors & Son. It is claimed, that Mellors & Son, being indebted, on October 7, 1884, to the First National Bank of Michigan City in the sum of $1780 on their note for that amount, executed to the bank on the latter day a transfer, assignment or bill of sale of all the money and effects belonging to them, which were then in the hands of Einstein & Rosenthal, and directed the latter to deliver possession of such money and effects to the bank. On October 8, 1884, Einstein & Rosenthal paid the bank $143.60, which sum was credited on the note for $1780 on October 11, and sold the goods, which they held for the bank after October 7, for $1540.08, but were garnisheed before the money was paid over. The $1540.08 was paid to the bank on October 17 and credited on the note on October 18, 1884, leaving a small balance still unpaid.

On October 8, 1884, Mellors & Son also gave the bank a chattel mortgage on chattels in Michigan City, Indiana, to secure what might remain unpaid of the $1780, after applying the Chicago property. On the same day Mellors & Son, in Indiana and under Indiana law, made an assignment for benefit of creditors to one Blinks, including in such assignment the property embraced in the chattel mortgage and leaving out the money and property in Chicago.

The question before the trial court was whether the bank was the owner of the money and effects in the hands of the bailees in Chicago, or whether such money and effects belonged to Mellors & Son so as to entitle appellees to subject them to

the payment of their debt through the attachment suit. Involved in the question thus stated was the validity of the transfer from Mellòrs & Son to the bank and of the assignment to Blinks and also of the chattel mortgage.

We are obliged to hold in this case, as we have held in a number of other cases, that there is nothing before us for our consideration. We can not consider any of the questions of fact, because they are all settled by the judgment of the Appellate Court. We can not consider the questions of law suggested by counsel, because the trial in this case took place before the court without a jury and no "written propositions to be held as law in the decision of the case" were submitted to the trial judge in accordance with section 42 of the Practice act. This point is made by the appellees, so that we can not avoid passing upon it, and we must adhere to our former ruling. Where there is a trial before the court without a jury, in order to present a question of law to this court, the party should submit propositions of law to the trial court, as provided for in the section referred to. *Mutual Aid Association* v. *Hall,* 118 Ill. 169.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*