Simeon F. Hall *et al.*

*v.*

John D. Cox.

*Filed at Ottawa, January 19, 1893.*

1. Appeals and writs of error — *reviewing questions of fact — amount of damages.* The judgment of the Appellate Court, affirming that of the Circuit Court, is conclusive, as to all the questions of fact involved in the case, upon this court. The amount of damages is a question of fact, and the judgment of the Appellate Court in relation thereto can not be reviewed by this court.

2. Same — *preserving questions of law.* Where no exception is taken as to the admission of evidence in the trial of a cause before the court alone, and no propositions of law are submitted to the court to be passed upon before or at the time of rendering judgment, no questions of law will be presented and the judgment will be affirmed.

APPEAL from the Appellate Court for the First District; — heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

Messrs. KNIGHT & BROWN, for the appellants.

Mr. WALTER W. ROSS, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit begun on February 6th, 1891, in the Circuit Court of Cook County by the appellee against the appellants. The appellee is a banker, doing a banking business at Polo, Caldwell County, Missouri, under the name of the Exchange Bank of Polo. The appellants are partners under the firm name of Hall Bros., Griffith & Co., engaged in the business of selling cattle on commission at the Union Stock Yards in Chicago, Illinois. Appellants had agents named John Akin and A. B. Akin, the latter being the son of the former, in said Caldwell County, whose business it was to buy cattle and ship them to appellants at Chicago. Drafts, signed "A. B. Akin by John Akin, agent," were drawn by Akin on the appellants for the cost of cattle consigned to them. Quite a number of drafts so drawn, and upon which the appellee advanced the money to Akin, were paid by the appellants in October, 1890, in pursuance of agreements to pay them embodied in telegrams sent by appellants to appellee.

The declaration contains one special count and the common counts. The special count alleges, that the defendants agreed with the plaintiff to accept and honor Akin's drafts for cost of stock consigned to them in certain quantities, in consideration that plaintiff would advance the money to Akin to be paid for the cattle so consigned; that, on November 8th, 1890, at Polo in Missouri, A. B. Akin by John Akin, agent, drew his draft of that date upon defendants for $1907.75 payable at sight to the Exchange Bank or order, and delivered it to said

bank, which endorsed it and forwarded it to a Bank in Chicago for collection ; that plaintiff at said time and place paid the said sum of money to Akin ; that said draft was presented to defendants at their office in Chicago and payment demanded, which was refused, &c. The plea of the general issue was filed.

The case was tried before the court without a jury by agreement. The finding and judgment of the trial court were in favor of the plaintiff, and such judgment has been affirmed by the Appellate Court.

The judgment of the Appellate Court is conclusive upon all the questions of fact involved in the case. Our attention is called to no question arising upon the trial in regard to the admission or exclusion of evidence. It is strenuously urged, that the damages allowed were excessive, but no part of the testimony as to the amount of damages was objected to, and no exception was taken to the admission of such testimony. (*Merchants' Des. Trans. Co.* v. *Joesting,* 89 Ill. 152; *Deitrich* v. *Waldron,* 90 Ill. 115; *Caveny* v. *Weiller,* 90 Ill. 158). We have repeatedly held, that the amount of damages is a question of fact, and that the judgment of the Appellate Court in relation thereto cannot be reviewed by this Court. (*J., A. & N. Ry. Co.* v. *Velie,* 140 Ill. 59, and cases there cited).

It is said in the books, that a new trial will be less readily granted on account of excessive damages allowed by the verdict, where the amount of damages is somewhat a matter of opinion merely, than where the law recognizes fixed rules and principles in determining such amount. (16 Eng. & Am. En. of Law, page 583 and notes). But if the amount of damages in this case is in any sense a question of law, the defendants below did not take the proper steps to bring that question, or any other question of law, before this Court. No written propositions to be held as law by the court in the decision of the case were presented to or passed upon by the trial court before or at the time of rendering judgment, as provided for by section 42 of the Practice Act in cases of trials before the

court without a jury. Therefore, no question of law is presented by the record for our determination. (*Mutual Aid Association* v. *Hall*, 118 Ill. 169; *Bank of Michigan City* v. *Haskell*, 124 Ill. 587; *Myers* v. *Union National Bank*, 128 Ill. 478).

The judgment of the Appellate Court is accordingly affirmed.

*Judgment affirmed.*