# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE NIAGARA FIRE INSURANCE COMPANY

*v.*

E. L. BISHOP.

*Filed at Ottawa October 29, 1894.*

1. APPEAL—*when written propositions must be submitted.* To bring before the Supreme Court a ruling of the trial court upon a question of law, in a trial without a jury, a written proposition must be submitted to the trial court to be held as law in the decision of the case.

2. SAME—*when refusal to hold correct proposition will not reverse.* The refusal of the trial court to hold a correct proposition of law will not be reversible error, where it appears that the complaining party was not injured thereby, or that the judgment is necessarily based upon a finding which renders such proposition immaterial.

3. INSURANCE—*covenant to arbitrate—how far binding.* A covenant in a policy to arbitrate all matters in dispute is invalid, as ousting the courts of their jurisdiction; but the agreement to fix amounts or values by arbitration is lawful, and may be made a condition precedent to the right of recovery.

4. SAME—*arbitration provided for in policy may be waived.* The insured will be relieved from the requirement in a policy that an arbitration and award must be had before action brought, where he shows a valid excuse for not submitting to arbitration, as, that the insurance company prevented such appraisal or award.

5. SAME—*what acts by the company amount to prevention of arbitration.*
Where an appraiser chosen by the company so acts as to justify
the court in regarding him as the company's agent, and unreason-
ably insists upon appointing as umpire in the arbitration a party
unknown to the other appraiser and living a long distance away,
the insured will be relieved from the necessity of an award before
bringing action.

*Niagara Fire Ins. Co.* v. *Bishop,* 49 Ill. App. 388, affirmed.

APPEAL from the Appellate Court for the Second Dis-
trict;—heard in that court on appeal from the Circuit
Court of Kane county; the Hon. HENRY B. WILLIS, Judge,
presiding.

The following is a statement of the facts of this case
made by the Appellate Court:

"On the 4th day of January, 1891, appellant issued a
policy of insurance to appellee insuring him against loss
by fire to his ice-house building on the bank of Fox River,
near Elgin, until the 4th of July, 1892, to the amount of
$1000.00. The policy contained the following provisions:

" 'This company shall not be liable beyond the actual
cash value of the property at the time any loss or damage
occurs, and the loss or damage shall be ascertained or esti-
mated according to such actual cash value with proper
deduction for depreciation, however caused, and shall in
no event exceed what it would then cost the insured to
repair or replace the same with material of like kind and
quality. Such ascertainment or estimate shall be made
by the insured and this company, or if they differ, then
by appraisers, as hereinafter provided. * * * In the
event of a disagreement as to the amount of loss, the
same shall, as above provided, be ascertained by two
competent and disinterested appraisers, the insured and
this company each selecting one, and the two so chosen
shall first select a competent and disinterested umpire ;
the appraisers together shall then estimate and appraise
the loss, stating, separately, sound value and damage,
and, failing to agree, shall submit their difference to the

umpire, and the award in writing of any two shall determine the amount of said loss.  *  *  *  This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act or proceeding on its part relating to the appraisal, or any examination herein provided for, and the loss shall not become payable until sixty days after notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers, where appraisal has been required.  *  *  *  No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months after the fire.'

"The property was entirely consumed by fire on the 8th of February, 1892. Appellee at once notified the company's general agent and adjuster at Chicago, Mr. Hugh Martin, who visited the ruins, and with appellee endeavored to make an estimate of the loss. Considerable time was consumed by the parties in trying to effect a settlement, but they were unable to agree. Appellee then made proofs of loss, and demanded the appointment of appraisers under the terms of the policy. On the 10th of June, 1892, appellant appointed one John H. Donlin, of Chicago, appraiser in its behalf, and notified appellee. Appellee selected one Smith Hoag, of Elgin, appraiser in his behalf. The appraisers, without first selecting an umpire, as the policy provided, visited the ground and began an estimate of the cost of material and construction. They differed widely, and after a few days Donlin returned to Chicago without agreeing upon an estimate. After it became evident that the appraisers could not agree, the appointment of an umpire was discussed, but none was selected, for the reason that they would not agree upon the locality from which he should be selected. On the 10th of August, 1892, appellee brought suit upon

the policy. In addition to other pleas the company pleaded specially the inability of the parties to agree, the appointment of appraisers, and that the appraisal was still pending and undetermined. Appellee replied that the company had refused, without good and sufficient cause, to complete the appraisal, and that none was pending. The case was tried by the court without a jury. The court found the issue for appellee and returned judgment in his favor and against the company for $910.71."

The Appellate Court has affirmed the judgment thus rendered, and granted a certificate of importance. The present appeal is prosecuted from the judgment of the Appellate Court.

In the Circuit Court eight pleas were filed by the defendant. The defendant in its sixth plea sets forth substantially the foregoing provisions of the policy, and further, that after the fire the insurer and the insured endeavored to agree between themselves upon the amount of the loss, but were unable to do so, whereupon defendant required an appraisal, as provided in the policy, to ascertain the amount of loss; that appraisers were chosen by the respective parties, and that without any fault on part of the defendant, or any connivance or collusion on its part, the appraisers were unable to agree upon the amount of said loss before the beginning of the suit, and that the appraisal was still pending and undetermined when the suit was brought, etc. In its seventh plea it sets forth, substantially, that after the fire the parties were unable to agree between themselves upon the amount of loss, and that they thereupon mutually agreed to submit the matter of ascertaining the amount of the loss to appraisers, as provided in the contract of insurance; that it was so submitted, and that the appraisal was pending at the time suit was brought, etc.

The plaintiff replied to the sixth plea, alleging that "after the making of the agreement between the defendant and plaintiff to appraise said loss, as in said plea

alleged, the said defendant was not without fault, connivance or collusion in being unable to agree upon the amount of said loss up to the time of beginning this suit, but the plaintiff avers that the said defendant refused, without good and sufficient cause, to go on and complete said appraisement, and by neglect, delay and unfair action defeated such appraisal and the object and purpose for which said agreement of appraisal was made," and that said appraisal was not still pending and undetermined when suit was brought, etc.   In his replication to defendant's seventh plea the plaintiff denies that the parties mutually agreed upon the appraisal, as set forth in the plea, and denies that the appraisal was pending when suit was brought, etc.

PADEN & GRIDLEY, and GEORGE L. PADDOCK, for appellant:

We contend that the appraisal clause in this contract, when the parties disagree upon the amount of loss and damage, is a condition precedent to the bringing of suit. *Johnston* v. *Insurance Co.* 91 Ill. 92; May on Insurance, sec. 493; Ostrander on Fire Insurance, 214; Burch on Fire Insurance Contract, 318.

The insured cannot compel the payment of the amount claimed unless he shall procure the kind of evidence required by the contract, or show that by time or accident he is unable to do so.   *United States* v. *Robeson*, 9 Pet. 319; *Hamilton* v. *Insurance Co.* 136 U. S. 242; *Railroad Co.* v. *March*, 114 id. 549.

The parties to a contract may fix on any mode they may think fit to liquidate damages, in their own nature unliquidated, and in such case no recovery can be had until the prescribed method has been pursued, or some valid excuse is shown for not pursuing it.   *Dry Dock Co.* v. *Assurance Co.* 66 Cal. 253.

When it is agreed that no suit shall be maintained until an award has been had fixing the amount of the

claim, the agreement will be respected by the courts. *Adams* v. *Insurance Co.* 70 Cal. 198 ; *Carroll* v. *Insurance Co.* 72 id. 297; *Insurance Co.* v. *Lewis*, 28 Fla. 209 ; *Pioneer Manf. Co.* v. *Insurance Co.* 106 N. C. 28 ; *Gasser* v. *Sun Fire Office*, 42 Minn. 315 ; *Wolff* v. *Insurance Co.* 50 N. J. 453 ; *Scott* v. *Avery*, 20 Eng. L. & Eq. 334; *Gorman* v. *Insurance Co.* Irish Rep. 11 C. L. 224; *Elliott* v. *Assurance Co.* L. R. 2 Ex. 237; *Viney* v. *Bignold*, L. R. 20 Q. B. Div. 172 ; *Lantalum* v. *Insurance Co.* 22 N. B. 14; *Davenport* v. *Insurance Co.* 10 Daly, 535 ; *Eichner* v. *Insurance Co.* 9 N. Y. Sup. 954; *President* v. *Coal Co.* 50 N. Y. 250 ; *Smith* v. *Briggs*, 3 Denio, 73 ; *McMahon* v. *Railroad Co.* 20 N. Y. 463 ; *Herrick* v. *Belknap*, 27 Vt. 673 ; Strong's Eq. Jur. sec. 1457 a ; *Scott* v. *Corporation of Liverpool*, 3 DeG. & J. 344; *Brown* v. *Overburg*, 11 Exch. 715 ; *Tridman* v. *Holman*, 1 Hurl. & Colt, 72 ; *Braunstein* v. *Insurance Co.* 1 Best & Smith, 101.

BOTSFORD & WAYNE, and CHARLES WHEATON, for appellee.

MAGRUDER, J.:  This cause was tried by agreement before the court without a jury; and, therefore, both matters of law and fact were submitted to be tried by the court. In order to bring before this court for review a ruling of the trial court upon a question of law, written propositions must be submitted to the Court to be held as law in the decision of the case. If the court shall be of the opinion that a proposition so submitted is not the law, he shall write upon it, "refused ;" and if he is of the opinion that a proposition so submitted is the law, he must write upon it, "held." To the action of the court in this regard either party may except. If either party submits to the court a correct proposition of law, which the court refuses to hold as such, its refusal may be assigned as error in this Court. In view of the many decisions made by this Court to the effect that, where there is a trial before the Court without a jury, a party desiring to present a question of law to the Supreme Court as having been passed upon

by the court below, must submit propositions of law to the trial court, as provided for in section 41 of the Practice Act; it cannot be said that the refusal of the trial court to hold a correct proposition of law to be such is an immaterial error, unless it appears that the complaining party is not injured thereby. (2 Starr & Cur. Ann. Stat. page 1808; *Mut. Aid Ass.* v. *Hall*, 118 Ill. 169; *Montgomery* v. *Black*, 124 id. 57; *Knowles* v. *Knowles*, 128 id. 110; *Exchange Nat. Bank* v. *Chicago Nat. Bank*, 131 id. 547).

In the case at bar, the plaintiff did not submit to the court any written propositions to be held as law in the decision of the case. The defendant submitted eleven written propositions to be held as law, but each and every one of them was marked "refused" by the trial court. We do not deem it necessary to discuss all of them. Most of them were objectionable, and were properly marked "refused." The second and eighth were as follows:

2. "The court holds, as a matter of law, that where the parties in a contract of insurance fix on a certain mode by which the amount of loss shall be ascertained, as in the present case, the party that seeks an enforcement of the agreement must show that he has done everything on his part which could be done to carry it into effect. He cannot compel the payment of the amount claimed unless he shall procure the kind of evidence required by the contract, or show that by time or by accident, or some fault on the part of the insurer, he is unable to do so."

8. "The court holds, as a matter of law, that where the evidence shows that the parties to a contract of insurance like the one sued upon in this case, disagree upon the amount of the loss, and by agreement between themselves submit the matter of ascertaining the amount of loss to appraisers, as provided in the policy, the insured is precluded from beginning suit to recover for the amount of the loss until such appraisal has been made

according to contract, or abandoned by agreement of parties, or prevented by the defendant."

We are unable to see why these propositions do not announce correct principles of law. A general covenant in a policy of insurance to submit every matter in dispute to arbitration is held to be·no bar to a suit for damages, and to be invalid as an attempt to oust the courts of their jurisdiction. But an agreement, which provides for the determination of amounts or values, is lawful and may be made a condition precedent to the right of recovery, either in terms, or by necessary implication. (May on Ins. sec. 493 ; Wood on Ins. sec. 493 ; *Saucilito L. & D. D. Co.* v. *C. U. A. Co.* 66 Cal. 253 ; *Hanover Fire Ins. Co.* v. *B. C. Lewis & Sons*, 28 Flor. 209). Such agreements do not oust the courts of their jurisdiction, and, where the contract is, that no suit shall be maintained until an award is made fixing the amount of the claim, the contract will be respected by the courts. (*Chippewa Lumber Co.* v. *Phœnix Ins. Co.* 80 Mich. 118 ; *Adams* v. *Ins. Co.* 70 Cal. 198; *Wolff* v. *L. & L. & G. Ins. Co.* 50 N. J. 453).

Of course, the plaintiff will be relieved from the obligation of complying with the contract to submit to arbitration and have an award made, if he shows a valid excuse for not doing so. Such excuse will be found in conduct on the part of the defendant, which has the effect of preventing an appraisal from being had, or an award from being made.

In *Johnson* v. *Humboldt Ins. Co.* 91 Ill. 92, where the language of the policy provided that an action should not be brought until after an award was obtained fixing the amount of the claim, we said: "Such an award is an indispensable prerequisite to the bringing of a suit or action, unless the assured should be prevented by the company."

Where the policy provided, as does the one in this case, for the selection of appraisers in case of a failure to agree, and for the reference by the appraisers of their differences to an umpire selected by themselves, and for the payment

of the loss within a certain time after the adjustment, it was held that the money could not be sooner demanded, "unless the adjustment provided for was waived, refused or prevented by the company." (*Gasser* v. *Sun Fire Office*, 42 Minn. 315).

In *Hamilton* v. *Liverpool & L. & G. Ins. Co.* 136 U. S. 242, where the policy contained a stipulation, that differences as to the amount of any loss or damage should be submitted to two competent and impartial persons, chosen one by each party, and the two so chosen to select an umpire in case of disagreement, and the award of any two of them in writing to be binding and conclusive as to the amount, just as, in the case at bar, it is provided that "the award in writing of any two shall determine the amount of such loss," the Supreme Court of the United States, speaking through Mr. Justice GRAY, said: "Such a stipulation, not ousting the jurisdiction of the courts, but leaving the general question of liability to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is unquestionably valid, according to the uniform current of authority in England and in this country. *Scott* v. *Avery*, 5 H. L. Cas. 811; *Viney* v. *Bignold*; L. R. 20 Q. B. Div. 172 ; *Delaware and H. Canal Co.* v. *Pennsylvania Coal Co.* 50 N. Y. 250; *Reed* v. *Washington F. & M. Ins. Co.* 138 Mass. 572, 576; *Wolff* v. *Liverpool & London & G. Ins. Co.* 50 N. J. L. 453 ; *Hall* v. *Norwalk Fire Ins. Co.* 57 Conn. 105, 114. The case comes within the general rule long ago laid down by this court: 'Where the parties in their contract fix on a certain mode by which the amount to be paid shall be ascertained, as in the present case, the party that seeks an enforcement of the agreement must show that he has done everything on his part which could be done to carry it into effect. He cannot compel the payment of the amount claimed, unless he shall procure the kind of evidence required by the contract, or show that by time or accident he is unable to do so. *United States* v. *Robeson*, 9 Pet. 319.'"

It will be noticed, that the language of the second refused proposition is exactly the same as that in the foregoing quotation from *U. S.* v. *Robeson*, 9 Pet. 319, except the following words at the close : "or some fault on the part of the insurer he is unable to do so." Wherever the plaintiff can show, that the disagreement has been brought about by the instrumentality of the company for the purpose of preventing an award, or that the company has been acting in bad faith or interposing obstacles so that no award can be had, he will have a right to resort to his action. (*Davenport* v. *L. I. Ins. Co.* 10 Daly, 535).

The issue made by the sixth plea and the replication thereto was, whether the appellant refused without good and sufficient cause to go on and complete said appraisement, and by neglect, delay and unfair action defeated the appraisal, and whether the inability of the appraisers to agree was owing to any fault, connivance or collusion on the part of appellant. As propositions 2 and 8 were in line with the issue thus made by the pleadings and with the authorities hereinbefore referred to, we are inclined to think that those propositions should have been marked "held" and not "refused."

The evidence tends to show, that the failure of the appraisers to select an umpire was due to the fact, that Donlin, the appraiser chosen by appellant, desired to appoint an umpire living in Bloomington, or Chicago, or some distant city, while Hoag, the appraiser, who had been chosen by appellee, was in favor of some man as umpire whose residence was in Elgin, or near the place where the fire occurred.

It was said, in *Davenport* v. *L. I. Ins. Co. supra*, that, upon the failure of the appraisers to agree upon an umpire, it is the duty of the insured at least to propose to the company the selection of new appraisers. We are unable to subscribe to this doctrine, so far as the policy, upon which the present suit has been brought, is concerned.

The contract here only requires the parties to choose appraisers once, and not twice.

Counsel for appellant claim, that the appraisers are not agents of the parties selecting them, and, therefore, that the insurance company cannot be held responsible for the act of the appraiser selected by it, either in refusing to agree with the other appraiser, or in failing to agree upon an umpire. It has been held, that, where the appraiser nominated by the company insists upon the appointment of an umpire living at a great distance from the scene of the loss, and refuses to agree to persons named by the plaintiff's appraiser without excuse, his conduct amounts to a refusal to proceed with the appraisal, and the plaintiff will not be required to wait longer before bringing his action. (*McCullough* v. *Phœnix Ins. Co.* 21 N. W. Rep. 207, Mo. Jan. 31, 1893; *Uhrig* v. *Williamsburgh City Fire Ins. Co.* 101 N. Y. 362).

In *Bishop* v. *A. Ins. Co.* 130 N. Y. 488, the appraisers selected by the plaintiff and the insurance company failed to agree upon an umpire. Upon the trial there was evidence tending to show, that the company, "through its appraiser, Langworthy, refused to agree upon a disinterested umpire;" and the court said: "If this was true, the fact that an appraisal had not been made was not a defense to the action." It was there held, that, as the question of fact was submitted to the jury under conservative instructions, and they had found for the plaintiff, the verdict would not be disturbed.

We are inclined to agree with counsel for appellant in the contention, that a person nominated as an arbitrator ought not to consider himself as the agent for the person, on whose behalf he is nominated. (Kyd on Awards, page 75). "The arbitrators selected, one by each side, ought not to consider themselves the agents or advocates of the party who appoints them. When once nominated they ought to perform the duty of deciding impartially between the parties, and they will be looked upon as act-

ing corruptly if they act as agents or take instructions from the other side." (Russell on Arbitrators, 6th ed. page 221.) But, while it is true, that an arbitrator or appraiser is not to be regarded as the agent of the party appointing him simply by reason of the fact of his appointment, yet an arbitrator or appraiser may act in such a partial manner, and so manifestly in the interest of the party appointing him, that it may become a question of fact to be submitted to the jury, or to be determined by the court sitting without a jury, whether he conducts himself as an agent to such an extent that the party appointing him shall be held responsible for his acts. If an insurance company selects a man for appraiser, who, instead of acting as such, conducts himself in the interest of the company and as an agent for the company, the company will be held responsible for such conduct on his part as enures to the benefit of the company. If the evidence proves that he prevents an agreement, or the appointment of an umpire, by methods which show him to be the agent of the company, his acts will be regarded as those of his principal.

We think, that the propositions of law upon this subject submitted by appellant were properly refused, because they assume that Donlin was not in fact the agent of the company, without leaving it to be determined from the evidence whether he so acted as to be justly regarded as such agent. If the propositions in question had simply announced, that appraisers, appointed as those here were appointed, "should not be advocates for the parties appointing them," we cannot see that they would have been objectionable.

There is evidence in the record tending very strongly to show, that appellee was delayed for about five months after the fire occurred by the adjuster of the company; that some time in June Donlin was appointed appraiser by the company, and Hoag by appellee; that some time afterwards Donlin came out to Elgin and went to the

ruins and made some measurements, but returned to Chicago without attempting to make an appraisal ; that two days afterwards he again came to Elgin and had a meeting with Hoag, objecting to the values as too high and to the amount of depreciation as insufficient, and "broke off the figuring," and refused to close the examination as to prices, and left Elgin abruptly, saying : "I will go back and see *our* people, and I will write you a proposition to-morrow that will do ;" that Donlin never afterwards returned to Elgin, or renewed the effort to agree upon an appraisal, but in a day or two, and about August 1, wrote to Hoag proposing to close up "the E. L. Bishop loss" at a low figure, "or we will have to agree upon a third man as umpire;" that, after his proposal was rejected as "unreasonable and unjust," and after he was requested to return "and proceed with the appraisement without delay," he wrote, on August 5, suggesting, in the matter of selecting an umpire, the names of men in Bloomington and Chicago, whose standing, competency and reliability were unknown to Hoag.

It thus appears, that there was evidence tending to show a relation of agency between Donlin and the companies represented by him, and tending to show, that, while acting as such agent rather than as an impartial arbitrator, he prevented an appraisal and the appointment of an umpire. If this was true, the companies are responsible for the result produced by his conduct. Whether the award was thus prevented by the companies was the main question of fact in the case. The issue made by the sixth and seventh pleas was the principal issue. It is so admitted by counsel for appellant in their brief in this Court. The issues formed by the other pleas are immaterial. The propositions of law submitted to the court bear upon the issue formed by the sixth and seventh pleas. It is not pretended, that there was anything dishonest or fraudulent about the loss, nor is it denied that the loss was total. (*McCullough* v. *Phœnix Ins. Co. supra*).

Counsel for appellant thus state their position: "The award of appraisers is a condition precedent to beginning the suit, unless such award is prevented by the insurer in some way."

It is manifest from what has been said that, under the pleadings in this case, the court below could not have rendered the judgment in favor of the plaintiff without finding that the appraisal was prevented by appellant. As there is evidence tending to support this finding, the judgment of the Appellate Court affirming the judgment of the trial court is conclusive, so far as we are concerned, as to the fact that the appraisal was prevented by the appellant. (Practice Act, sec. 89; 2 Starr & Cur. Ann. Stat. page 1851; 3 id. page 991; *Powell* v. *McCord*, 121 Ill. 330).

Hence, the appellant could not have been injured by the refusal of the trial court to hold as law the second and eighth propositions, because, even if the trial court had been of the opinion that the award of the appraisers was not a condition precedent to the bringing of suit, yet, if it found that the making of the award was prevented by the company, the effect as to the plaintiff's right to bring the suit was the same as though the court had been of the opposite opinion. When a proposition announces, that it is the duty of the plaintiff to do a certain thing before beginning suit unless he is prevented from doing it by the defendant, and when the proof shows that he was prevented from doing it by the defendant, the abstract rule as to his duty becomes of no practical importance in the determination of the question whether the suit was properly brought.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*