## Isaac Hess and Joseph Hess v. Edward A. Rosenthal, Administrator.

1. VERDICT—*To be Affirmed if Justified.*—If upon the facts, the verdict of a jury can be justified upon any correct theory of law applicable to them, the judgment should be affirmed.

2. VARIANCE—*Must be Raised in the Trial Court.*—A variance between the pleadings and the proof can not be first raised in the Appellate Court. It should have been pointed out in the court below, where it could have been removed by amendment.

**Memorandum.**—Action for damages. Death from negligence. In the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendants. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

APPELLANTS' BRIEF, ROSENTHAL, KURZ & HIRSCHL, AND BYAM & WEINSCHENK, ATTORNEYS.

Deceased clearly assumed the risk. There was nothing hidden, secret, unusual or complicated. Two large vats, touching end to end, broad daylight, one with a lid on, and (if plaintiffs' witness is to believed) the other with the lid off; deceased sees, feels, hears and smells the boiling of tallow in the two kettles and its flowing into vat No. 2; he gets upon the lid of vat No. 1 to work there; it certainly needs no citation of authorities to demonstrate that he assumed the open and apparent risk caused by the proximity of the uncovered vat No. 2. Plain and obvious risks are assumed. Foley v. E. L. Co., 54 N. J. L. 411, 24 Atl. 487;

Swoboda v. Ward, 40 Mich. 424; Illick v. R. R., 67 Mich. 637, 35 N. W. 708; Laning v. Ry. Co., 49 N. Y. 521; Gibson v. Ry. Co., 63 N. Y. 449; Odell v. Ry. Co., 120 N. Y. 325, 24 N. E. 478; Powers v. Ry. Co., 98 N. Y. 274; Clark v. Ry. Co., 28 Minn. 128, 9 N. W. 581; Platt v. Ry. Co., 84 Iowa, 694, 51 N. W. 254.

So held in a case in which there were complicated railroad tracks, and it was night, and plaintiff had only a lantern to light the way, and had never been there before. Randall v. B. & O. R. Co., 109 U. S. 478.

A foreman, or even a superintendent, leaving a door open (through which deceased fell into the sea) is held to be discharging only a servant's duty; the master, by supplying the door, had fully performed his own duty. Geoghegan v. Atlas S. Co., 22 N. Y. Sup. 749.

So held also as to a superintendent negligently dropping a hatch upon an employe; the master is not liable. Hussy v. Conger, 112 N. Y. 614.

Even as to parts of machinery wearing out, the master does his full duty by supplying new ones, and it is the servant's duty to adjust them. M. M. & M. Co. v. Erling, 148 Ill. 521–531; Benn v. Null, 65 Iowa, 407; McGee v. Boston C. C., 139 Mass. 44; Smith v. Lowell, 124 Mass. 114.

Master not liable where engineer continues using machine after a clamp breaks. Phila. v. Davis, 111 Pa. St. 597.

Master not liable where captain of a lighter allowed a rope to wear out. Johnson v. B. T. Co., 135 Mass. 209.

Nor where foreman on a derrick improperly used the ropes. McKinnon v. Norcross, 148 Mass. 533.

A master is not liable for the falling of a derrick from which a co-servant had negligently unfastened a rope. Neilson v. Gilbert, 23 N. W. Rep. 666.

Nor for neglect in not bracing a derrick with ropes. Neubauer v. N. Y., etc., Co., 4 N. E. Rep. 125.

Nor for insecure scaffold, where sufficient material has been supplied by the master. Armour v. Hahn, 111 U. S. 318.

Nor for too weak a pin used in fastening a rope, where a

stronger one had been supplied. Harmes v. Sullivan, 1 Brad. 255.

Nor for the servant's neglect in allowing appliance for stacking lumber to become weak and defective. Baldwin v. St. Louis, 63 Iowa, 212.

Liability is not determinable from the rank or gradation of the negligent person, but from the nature of the act performed or omitted. Cullen v. Norton, 126 N. Y. 1; 26 N. E. 905 and cases cited; Lindvall v. Woods, 41 Minn. 212, and cases cited.

APPELLEE'S BRIEF, MOSES SALOMON AND GEORGE W. BRANDT, ATTORNEYS.

In Laler v. C., B. & Q. R. R., 52 Ill. 402, Chief Justice Breese answers the position of counsel for appellants, saying :

" This case shows a case of a person injured while engaged in a sphere of employment, and under the command of his superior, different from the one in which he had engaged to serve. So, in this case, the deceased engaged to perform work only ordinarily hazardous; he was compelled to do work extra hazardous, by which he lost his life. The law would be lamentably deficient did it furnish no remedy in such a case."

So Cooley, in his work on Torts, 555, declares the law :

" The master may also be negligent in commanding the servant to go into exceptionally dangerous places or subject himself to risks which, though he may be aware of the danger, are not such as he may have reason to expect or consider as being in the employment." Also see C. & A. Ry. v. May, 108 Ill. 288; N. W. v. Johnson, 27 App. 352; R. R. Co. v. Lowe, 17 Wall. (U. S. ) 553; Chicago v. Bayfield, 37 Mich. 205; Indianapolis v. Iowa, 10 Ind. 554; Stevens v. Hannibal, 9 S. W. Rep. 589; Chicago Dredging & Dock Co. v. McMahon, 30 Ill. App. 358; Fraser v. Hand, 33 Ill. App. 153; Stearns v. Reidy, 38 Ill. App. 246.

The jury have passed upon all questions of fact raised in appellants' brief, and their conclusion is fully justified by

the evidence; this court does not in such cases disturb the finding. Peoria v. Babbs, 23 Ill. App. 454; School v. Crews, 23 Ill. App. 367; Chicago v. Krueger, 23 Ill. App. 639; Nit v. Whiteside, 27 Ill. App. 463; Hamburg v. Levy, 27 Ill. App. 570.

Mr. Justice Gary delivered the opinion of the Court.

The appellants conducted a slaughter house, and employed Alter Uchineck as a common laborer, and his first employment was in salting hides.

On the morning of his death he was put at work, standing upon the top of a box, some four feet high, four feet and a half wide, and five feet and ten inches long, raking cooked offal upon the top of the box, from the opening in a tank standing by the side of, and the bottom on a level with, the top of the box. By the end of the box where he stood was another like box and tank, but, as the declaration and the testimony on the part of the appellee are, with no cover on that box. This box had in it a quantity of hot fat. Uchineck was heard crying out, and men ran to him and took him out of the hot fat in the box, but he was so badly burned that he died in two days. He was thirty-eight years old and left a widow and children. The appellee is his administrator, and this suit is for damages for his death.

The place was well lighted, and there is not a hint in the evidence as to how or why he got into the box with the hot fat in it.

Though but a common laborer he was a man of mature years, and all the surroundings were obvious. Did he slip into the box because the cover of the one he worked on was slippery, or did he absent-mindedly step in? No one knows.

A movable cover was provided for the box which had the hot fat in it, and the testimony on the part of the appellee is that it was lying outside of the box while Uchineck was still in the box, and on the part of the appellants that about ten minutes before the accident the cover was on the box, and that one end of it was in the box while Uchineck was still in.

If upon these facts the verdict of the jury can be justified upon any correct theory of the law applicable to them, the judgment should be affirmed. McCormick Har. Mach. v. Burandt, 33 Ill. App. 165, affirmed 136 Ill. 170.

No instructions were asked by the appellee, and none of those asked by the appellants refused, except a couple which in effect told the jury that the appellants were not responsible for temporary displacement of the cover of the box, of which they had no notice. Now the event has proved that a mechanical engineer planning such an apparatus might have foreseen that it was exceedingly dangerous to put a man who had no previous experience—and probably would have been if his experience had been long-timed—at work in the manner and with the surroundings shown by this record. It can not be presumed that Uchineck willfully went to his death. He stepped or slipped to it by accident. C. & E. I. R. R. v. Hines, 152 Ill. 161.

If there were faults in the original construction and arrangement of the parts of the apparatus, the appellants were bound by law to know it. *Ibid.*, and same case, 33 Ill. App. 271.

Consider that here a man is put to rake the contents out of a cylindrical tank, more than five feet in diameter and more than three feet high, through a door less than a foot wide, the cylinder standing upon one end, and that he had a space two feet and eleven inches wide on each side of the center of that door to stand upon. We have here a model, certified by the judge as part of the bill of exceptions, from which we take dimensions. Imagine how in reaching for those contents near to one side of the door within, he would necessarily go beyond the other side of the door without. If he was a diligent laborer his attention would be directed to his rake, not to his own feet, unless his own forethought, or a warning from others, had put him upon his guard against danger.

That it was wholly unnecessary to so arrange these vats and boxes that a laborer should be placed on such narrow footing, next to a box in which death lurked, covered by a

lid at any moment liable to be misplaced, is apparent.    Or accept a fair inference from the appellants' version, and that is that the lid was so constructed that the step of the laborer upon it might precipitate him into the box, and the case is worse.

Whether the declaration and the evidence fit each other can not be made a question on this record.    Had a variance been pointed out below, it could have been removed by amendment.    Burandt case, before cited.

Nor can any question be made as to the sufficiency of the declaration.    It is not assigned as error that it is not sufficient, and though it is assigned as error that the court denied a motion in arrest of judgment, yet all that the record shows as to what that motion was, is, that the defendants "moved in arrest of judgment."    Why, they did not say.

In their original brief they do not allude to the matter, which waives it.    McDonald v. Logi, 143 Ill. 487.    And further the declaration is governed by the rule of Libby v. Scherman, 146 Ill. 540, and not Joliet v. Shields, 134 Ill. 209.    The judgment is affirmed.