CHARLES FOX

*v.*

JEROME G. STEEVER.

*Filed at Ottawa May 15, 1895.*

1. APPEALS AND ERRORS—*trial before court—failure to present propositions of law.* No question of law is presented, on appeal from a judgment rendered on a trial by court, where no written propositions were presented to the trial court.

2. SAME—*when leading question is not reversible error.* The allowance of a leading question upon a trial without a jury is not cause for reversal, where it appears that no injury was done to the objecting party, as where substantially the same question by him on cross-examination elicited the same answer.

*Fox* v. *Steever*, 55 Ill. App. 255, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

ARND, EVANS & ARND, for appellant.

JOHN M. HAMILTON, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action in assumpsit brought by appellee against appellant. Jury was waived by agreement, and the cause was submitted to the court for trial without a jury. No written propositions to be held as law by the court in the decision of the case were presented to or passed upon by the trial court before or at the time of rendering judgment as provided for by section 42 of the Practice act in cases of trials before the court without a jury. Therefore, no question of law is presented by the record for our determination. (*Hall* v. *Cox*, 144 Ill. 532).

The record shows the following question, answer, objection and ruling on the direct examination of the plaintiff:

"Was there ever any understanding between you and them, or on your part or between you, that the transaction might be settled in the future by the settlement of differences only?—A. None." (Counsel for defendant objects to the form of the question.)

The court: "Let it go in, subject to objection." (Exception for defendant's counsel.)

Counsel for appellant say, that "the court erred in allowing appellee to testify to his understanding that the transactions were not to be settled by the payment of differences," because the witness was thereby permitted to state his opinion. Counsel do not thus complain of the substance of the testimony given, but the objection made was merely as to the form of the question. We do not think that, where a leading question is asked and answered in a trial before the court without a jury, a judgment should be reversed for that reason where it appears that no injury was done to the objecting party. (*Bulson* v. *People*, 31 Ill. 409). Here, no possible harm could have been done to appellant by the answer to the above question on the direct examination, because substantially the same question was asked and the same answer called out by the appellant himself upon the cross-examination.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*