## Herman E. Dick v. John Zimmerman.

1. PRACTICE—*It is the Peculiar Province of the Jury to Determine the Preponderance and Credibility of the Evidence.*—Where there is a clear conflict in the evidence, it is the peculiar province of the jury to determine the preponderance and credibility of the evidence.

2. APPELLATE COURT PRACTICE—*Right of Prevailing Party Where Court is Asked to Set Aside a Verdict.*—When the Appellate Court is asked to set aside a verdict, the prevailing party is entitled to all the favorable inferences legitimately arising from the evidence.

3. ACCOUNT STATED—*Sent to Defendant in the Usual and Customary Way—Presumption.*—When an account stated is sent by the plaintiff to the defendant in the usual and customary way, in the absence of evidence to the contrary, it is presumed that it was duly received.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed January 26, 1903.

ZACH. HOFHEIMER, attorney for appellant.

DALE & FRANCIS, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This is assumpsit by appellee against appellant in which a judgment was entered in favor of appellee for the sum of $1,420. The account grew out of the handling of certain foreign patents in which both parties were interested.

Appellee testified that in October, 1898, he presented to appellant an account showing the money due to him; that appellant examined it and said it was all right, and he intended to pay it; that appellee should make out a full

statement, with copies of bills paid, and bring it to him the following morning and he would then give appellee a check for the bill; that this was done, when appellant said he was disappointed in the amount of his bank account and could not settle with him then, but would send him a check from London within three weeks; and that appellant had never paid the bill.

Appellant testified that he never promised appellee to pay him any balance, and that when the bill was presented he disputed the items.

Here was a clear conflict in the evidence. When that is the case it is the peculiar province of the jury to determine the preponderance and credibility of the evidence. O'Brien v. Palmer, 49 Ill. 72. When an appellate court is asked to set aside a verdict, the prevailing party is entitled to all the favorable inferences legitimately arising from the evidence. Hess v. Rosenthal, 55 Ill. App. 324.

The appellee testified as to nothing but the interviews in October, 1898, with appellant, in which he presented the account stated, and to the sending and to the receiving of letters which were put in evidence. On cross-examination he was asked as to certain business transactions between him and appellant occurring in 1896 and 1897. Counsel for appellee objected, and the court sustained the objection, saying: "There is nothing to cross-examine him about except these interviews he has testified to and these letters." This ruling and this remark are severally assigned for error. The answer to the contention is two-fold; first, the ruling was correct; the question asked did not relate to the examination in chief, and the statement of the court contains nothing more than the reason upon which the ruling was founded; and, second, counsel for appellant did not then except to either the ruling or to the remark of the court. By reason of such omission he is barred from raising the point upon appeal. Caveny v. Weiller, 90 Ill. 158.

Three letters written by appellee to appellant were put in evidence, over the objection of the latter. The first

letter is dated October 12, 1898. Two days thereafter appellant writes to appellee, saying: " I have yours of the twelfth with enclosures." Here is proof of the receipt of this letter. Hence its admission in evidence was not error. The third letter was written by appellee, properly addressed, and by him personally deposited in the mail. The objection to the introduction of this letter was not well taken. The second letter was written, signed and sent by appellee " in the ordinary course of business." The fact that the custom of others in regard to the sending of letters was shown, is immaterial, because it was also proven that it was mailed according to the custom of appellee. Notice was given appellant to produce these three letters. He did not do so. Although present at the trial, appellant did not deny the receipt of these letters, or of either of them. When an account stated is sent by the plaintiff to the defendant in the usual and customary way, in the absence of evidence to the contrary it is presumed that it was duly received. Darby v. Widow, etc., 28 La. Ann. 605. This second letter was nothing more than a demand for payment. Each of the other letters, properly in evidence, contained a like demand. So that if its admission was a technical error, it was not reversible error.

The court admitted in evidence the declaration, consisting of the common counts. Attached thereto was a copy of the account sued upon and plaintiff's affidavit of amount due. If appellant had excepted to the action of the court in admitting these papers, the question would be a serious one, but neither the abstract nor the record shows that an exception was taken thereto. It does not avail to raise this point for the first time upon appeal.

The evidence presented by appellee on the trial tended to prove an account stated. It was confined solely to that question. If there was no stating of an account, then appellee had no case. Appellee's evidence being thus limited, the prior transactions of the parties were not in issue, unless the account stated was attacked for fraud or mistake, in which case the burden shifted to appellant. Upon this

theory he put in evidence relating to the items upon which the account was based. The jury found, upon conflicting evidence, that there was an account stated, and that it was not based upon fraud or mistake, and we do not think such finding should be disturbed.

The judgment of the Circuit Court is affirmed.