### Silas E. Beebe v. Road District No. 1 of Menard County.

1. DEDICATION—*when acceptance of, need not be formal.* While proof of the acceptance by highway commissioners of a road dedicated would be essential in a proceeding to compel them to improve or treat the road as a public road, yet, as against the owner of land, the acceptance of the dedication may be by the general public, which could manifest its acceptance by using the road and thus acquire a right of way.

2. OBSTRUCTION OF HIGHWAY—*when additional penalty cannot be assessed for continuance of.* Additional penalty for the continuance of an obstruction upon a highway cannot be assessed where it does not appear that notice had been given to the owner of the land guilty of such obstruction to remove the same.

Action commenced before justice of the peace. Error to the Circuit Court of Menard county; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

CHARLES NUSBAUM and BLAINE & BENNETT, for plaintiff in error.

THOMAS P. REEP and SMOOT & LANING, for defendant in error.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Road District No. 1 of Menard county brought suit before a justice of the peace against Silas E. Beebe to recover a penalty for obstructing in March, 1906, a public highway of said district. A trial was had before such justice and an appeal prosecuted by the road district to the Circuit Court of said Menard county where the case was again tried, upon which latter trial a jury returned a verdict finding Beebe guilty

584    APPELLATE COURTS OF ILLINOIS.

VOL. 134.]    Beebe v. Road Dist. No. 1 of Menard Co.

and assessing a fine against him of $10. A motion for a new trial was overruled and judgment entered upon the verdict. Beebe brings the case to this court upon a writ of error.

The controversy in the case is whether or not the roadway in dispute had become a public highway by either dedication, prescription or under the statute, prior to the time that the alleged obstruction was placed in such roadway.

Twenty witnesses testified in the case concerning the previous use of the road, about one-half of that number for each party. Upon some questions there was a sharp conflict, but a fair consideration of all the testimony given satisfies us that the jury were fully warranted in returning the verdict they did. There was evidence in the case tending strongly to show that in 1872 or 1873 one Fletcher Council, who then owned the land now owned by plaintiff in error, and upon which the road in question is alleged to have been established, proposed to his neighbors that if they would allow him to fence up an old road that had been used by them at another place across his land in question, he would give the land for a road on the north and west sides of his land and that he thereafter set his fence in, upon his own land, about twenty-five feet from the north and west lines thereof.

Several neighbors testified to the continual use of the road or strip of land so fenced out from that time up to the time of the placing of the obstruction complained of in this suit, except so far as plaintiff in error had at one time moved his fence a few feet, which did not materially interfere with the use of the road. The evidence further tends to show that there was some work done upon the strip in question, such as the construction of two culverts and some road work in discharge of poll tax. The evidence also tended to show that the use of such roadway had been continuous, open and adverse, with the knowledge and

acquiescence of the plaintiff in error and his grantor for a period considerably in excess of twenty years.

Plaintiff in error in March, 1906, reset his road fences and fenced into his field a large part of the road as then traveled and used by the public, which included a good share of both of said culverts, which resetting of his fence was the obstruction complained of in this suit.

Plaintiff in error contends that said road, or rather its continuation, had been altered or changed at places other than upon his land and that as the roadway at such other places depended upon a prescriptive use, there could be no road established at such other places and consequently there could be no road so established upon his premises. That claim, however, can have no force where the evidence clearly establishes a dedication or a prescriptive right over one's land without regard to other parts of the road. When it is doubtful whether there had been a dedication or whether the user over the place or roadway in question was adverse under a claim of right then it is important to know, if changes were made at *other* places or how the public authorities treated the alleged road at other places. Town of Brushy Mound v. McClintock, 150 Ill. 129-134. In the case at bar the jury were fully warranted in finding that the grantor of plaintiff in error fenced out the road in dispute to be used by the public as a road and that it had been so used for over twenty years continuously prior to the time the obstruction was placed therein.

Plaintiff in error also argues that there could be no road established upon his premises because the same had never been formally accepted by the proper road authorities. There is no merit in this claim. While proof of the acceptance by the authorities would be essential in a proceeding to compel them to improve or treat the road as a public road, yet as against the owner of land, the acceptance of the dedication may be by the general public, which could manifest its ac-

ceptance by using the road and thus acquire a right
of way.     People, ex rel., v. Commissioners of High-
ways, 52 Ill. 501.

Plaintiff in error also contends that there was error
in respect to the rendering of the verdict for the sum
of $10; that there could be no fine imposed, except for
an original obstruction of the highway, and nothing
could be added for the continuance of the obstruction
in the absence of proof that notice had been given
to the owner to remove the obstruction.     If the record
showed affirmatively that the verdict, as returned by
the jury, included anything for suffering the obstruc-
tion to *remain* in the highway, in addition to what
might be rightfully imposed for *placing* an obstruc-
tion there, we would be disposed to hold the point well
taken; but such is not the case.

Paragraph 71 of chapter 121 of the Revised Statutes
provides that a person guilty of leaving or placing
an obstruction in a public road shall forfeit not less
than three nor more than ten dollars for such offense,
and there is nothing in the record to show that the
jury did not, by their verdict, fix the punishment at the
maximum allowed by the statute, solely for such *plac-
ing* of the obstruction in the road.

This is a reasonable presumption under the circum-
stances and as the verdict can be justified upon that
theory, the judgment should not be disturbed upon that
contention.     Hess v. Rosenthal, Administrator, 55 Ill.
App. 324.

The judgment is fully in accord with the merits of
the case and as there is no reversible error in the rec-
ord, the judgment is affirmed.

*Affirmed.*