Michigan Mutual Life Insurance Company v. Owen D. Hall, Administrator, etc.

60   159|
160s  488|

1. INSURANCE COMPANIES—*When Bound by the Acts of their Agents.* —Where the local agent of a foreign life insurance company took from an applicant for a policy a note for the first premium, instead of collecting the same in cash as required by the rules of the company, of which rules the applicant had no knowledge, and upon receipt of such application, the insurance company, having no knowledge of the taking of the note, issued a policy, which was delivered to the applicant by the local agent, and before the maturity of the note the holder of the policy died, the company was held liable, although the local agent converted the note to his own use, and although the policy contained a provision that it should not take effect unless the first premium was paid in cash.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

JAMES MECARTNEY, attorney for appellant, contended that agents of life insurance companies in this country rarely have the authority to conclude absolutely a contract of, or for insurance. The only power they ordinarily possess is to procure and receive applications for insurance, to be forwarded to the company, without any authority on their part to make a binding contract. Bliss on Life Insurance, Sec. 283.

An agent having authority to take applications, receive and receipt for premiums, forward both, and receive from the company policies when issued, and deliver them to the insured, can not bind the company by a contract of insurance. Lindford v. Prov. Horse & Cattle Ins. Co., 34 Beav. 291; 10 Jurist, N. S., 1066; Armstrong v. State, 61 Iowa 212; Dickenson Co. v. Miss. Valley Ins. Co., 4 Iowa 286; Reynolds v. Continental Ins. Co., 36 Mich. 131; Security Co. v. Fay, 22 Mich. 467; Morse v. St. P., F. & M. Ins. Co., 21 Minn. 407; Ayres v. Home Ins. Co., 21 Iowa 185; Stockton v. Fireman's Ins. Co., 33 La. Ann. 477; Todd v. Piedmont, etc., Ins. Co., 34

La. Ann. 63; Bush v. Westchester F. Ins. Co., 63 N. Y. 531; Susquehanna M. & F. Ins. Co. v. Swank, 102 Pa. St. 17.

The deceit or fraud of an agent, to make the company liable on it, must have been committed in the course of the agent's employment. Wilson v. Peverley, 2 N. H. 548; Dally v. Young, 3 Ill. App. 39; Kerns v. Piper, 4 Watts, 222; R. R. Co. v. Green, 68 Mo. 169; Jackson v. Second Ave. R. R. Co., 47 N. Y. 274.

One employed to solicit insurance and renew policies, but without authority other than arises from the nature of his employment is not authorized to waive the payment of a premium. Heath v. Springfield F. Ins. Co., 58 N. H. 414; Hambleton v. Home Ins. Co., 6 Bliss, 91.

An agent employed only to take applications, deliver policies and collect the first premium is only agent for these purposes and can not bind the company by any contract or statement outside these duties. East Texas F. Ins. Co. v. Brown, 82 Tex. 631; Golden v. Northern Ass'n Co., 49 N. W. Rep. 246; Phoenix Ins. Co. v. Copeland, 8 So. Rep. 48; American F. Ins. Co. v. Hampton, 14 S. W. Rep. 1092; Markey v. Mut. Ben. Ins. Co., 103 Mass. 78; Bliss on Life Ins., Secs. 281, 282.

The powers of a special agent are measured by the express directions of the principal. 1 Parsons' Contracts, 40; Story on Agency, Sec. 58.

CONKLING & GROUT, attorneys for appellee, contended that it is immaterial what may have been said in the policy in regard to the payment of the premium. It was within the power of the company, acting through its agents, to change entirely the mode of, or dispense with the payments as provided by the policy, and adopt a different mode and time of payment. Electric Life Insurance Co. v. Fahrenkrug, 68 Ill. 463; Continental Insurance Co. v. Rockman, 127 Ill. 364; Manfrs. and Mer. Ins. Co. v. Armstrong, 145 Ill. 469; Penn. Mutual Life Ins. Co. v. Keach, 32 Ill. App. 427; 134 Ill. 583; Bodine v. Exchange Fire Ins. Co., 51 N. Y. 117; Arff v. Star Fire Ins. Co., 125 N. Y. 57.

Delivery of the policy presumes a waiver of the "Premium Payment" clause, and the giving of credit. Boehen v. Williamsburg Ins. Co., 35 N. Y. 131; Daft v. Drew, 40 Ill. App. 266; Gosch v. State Mutual Fire Ins. Co., 44 Ill. App. 263.

Mr. Presiding Justice Wall delivered the opinion of the Court.

This was assumpsit upon a policy of insurance on the life of Harry S. Hall.

The plea was *non assumpsit*. The cause was submitted to the court, a jury being waived. The issues were found for the plaintiff and judgment followed for $1,901.62 from which the company has prosecuted the present appeal.

The sole defense is that the policy was never in force and binding on the company because the premium was not paid as required by conditions of the application and policy. It appears that this company, incorporated under the laws of Michigan, had a State agent located at Chicago through whom it conducted its business in Illinois. This State agent placed in the hands of one G. P. Drew, blank forms for applications prepared by the company, with instructions to secure and forward to said State agent such applications as he could obtain. The State agent would forward to the home office at Detroit, Michigan, and if the application was accepted a policy would be sent to the State agent and by him to Drew; who was to collect the first premium in cash, deliver the policy to the insured, and remit to the State agent the first premium, less fifty per cent, which was allowed Drew for his services. Said arrangement as to compensation was made between the State agent and Drew without the knowledge of the other officers of the company, and Hall had no notice of it. The State agent was authorized to do business in this way in Illinois through such persons as he might select. In April, 1893, Drew solicited said Hall to take a policy in this company, to which Hall consented and signed an application. At the same time Hall gave Drew his note for the first premium, due nine

months after date, and Drew informed Hall that if the company did not accept the note and issue the policy the note would be returned. Drew sent the application to the State agent with a premium settlement statement attached in which nothing was said to indicate that a note had been or would be taken for the premium. The application was approved by the home office and the policy was sent to the State agent who sent it to Drew, on being informed by him that the premium was ready. Drew discounted the note, which was for $98.30, and obtained $75 thereon and then sent the policy by mail to Hall.

Drew did not account to the State agent for any part of the premium and Hall never knew that there was any objection by the company to what had taken place. Hall died some six months after he so received the policy and before the note matured.

The policy contained a provision that it should not take effect unless the first premium was paid in cash or a note for extension of time for such payment was accepted by the company at its home office in Detroit, and a similar provision was inserted in the application. The question is whether the action of Drew and the State agent, in connection with the other facts in proof, should estop the company to make the defense. Certainly the company should be bound by the acts of the State agent within the apparent scope of his authority, and so of Drew if he is to be regarded as a local or soliciting agent. We think Drew should be so regarded in view of our statute, Par. 115, Ch. 73, and possibly without it. As such an agent persons making applications might rely upon him, and might assume that the company having accredited him as its agent, he was, in fact, reliable. It appeared from the application that the company did sometimes accept notes for the first premium and Drew informed Hall that if the note was not accepted and the policy was not issued the note would be returned. This was when the application was made. Some six weeks later Drew sent him the policy and did not return the note.

For six months thereafter, and as long as he lived, Hall was unaware that any objection was or could be taken to the transaction. He was not notified directly or otherwise, although his post office address was known to the company. Drew had written to the State agent that the premium was ready and the policy had been sent him to deliver upon payment. As appears from the agreed state of facts, the company, supposing Drew still had the policy, endeavored to find him but made no effort to communicate with Hall. Thus Hall was led to suppose his policy was good. Had he been advised that the company did not so consider it he would have had the opportunity to satisfy the company or procure other insurance. We think the company is liable. Having, through its State agent, authorized Drew to solicit the insurance, and having intrusted him with the policy, it must be bound by his acts and representations within the ordinary scope of such an agent's apparent authority, and having failed to notify the insured of its objection to the policy, and having thus permitted him to consider himself insured, it ought to pay.

It can not be heard to say it did not know the policy had been delivered. It had sent it for delivery, and when Drew failed to remit and was not to be found, the natural suggestion would be that he had collected the premium and delivered the policy. Thus the company was put upon inquiry and should be charged with notice of what such inquiry would have developed.

The judgment is right and must be affirmed.