## National Union v. Margareth Arnhorst.

1. INSURANCE—*Answers to Questions Held to be Warranties Under the Provisions of a Particular Contract.*—An application which was made a part of an insurance contract contained the following provision: "I do hereby consent and agree that any untrue statement made above or to the medical examiner * * * shall forfeit the rights of myself and my family or beneficiary to all benefits and privileges," etc. *Held*, that answers to questions put by the medical examiners were warranties, that unless such answers were in accordance with the truth, the contract did not bind the insurer, that their materiality to the risk was immaterial, and that the question of good faith of the assured was not important.

2. INSURANCE—*Statements by the Insured Which are a Part of the Contract Must be Substantially True.*—If an entire contract of insurance, including the application, medical examiner's report, and benefit certificate, when construed together, does not make the answers to certain questions contained in the medical examiner's report warranties, but simply representations, still they are material to the risk in this case, and must be substantially true in order to make the insurer liable.

3. SAME—*Certain Statements in an Insurance Contract Held to Have Been Ratified by Retention of Policy.*—Where a person had accepted an insurance contract and retained it for more than a year and a half, in a place where he frequently saw it, *it was held* that he must be charged with knowledge as to statements contained therein purporting to be answers made by him to questions asked by a medical examiner and to have adopted and approved the answers as written by the examiner.

**Bill**, to cancel an insurance certificate. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded with directions. Opinion filed March 3, 1898.

CHAS. J. KAVANAGH, attorney for appellant.

The applicant for a policy of insurance is bound by the truth of the answers which he gives to questions and to the truth of which he certifies, and the burden rests with him and those claiming through him to show fraud or mistake in the answer which he signed.   Hartford Life & A. Insurance Co. v. Gray, 80 Ill. 28; S. C., 91 Ill. 159.

Where a copy of an application is attached to a policy or certificate, and the certificate expressly makes the same a part thereof, all answers to questions put concerning the physical or family history of the applicant are warranties and must be truthfully answered.   Mutual Benefit Life Insurance Co. v. Robertson, 59 Ill. 123; Thomas v. Fame Insurance Co., 108 Ill. 91; Duncan v. Sun Fire Ins. Co., 6 Wend. 494.

When the representations are in writing and the parties, by the frame of the contents of the papers, either by putting representations as to the history, quality or relations of the subjects insured into the form of specific questions, or by the mode of referring to them in the policy, settle for themselves that they shall be material, they are to be declared so by the court, and the assured can not be permitted to show that a fact that both parties have treated as material is in fact immaterial.   May on Insurance, Vol. 1, paragraph 185; Bacon on Benefit Societies, Vol. 1, paragraph 212; Price v. Phœnix M. L. Insurance Company, 17 Minn. 509; Campbell v. New England M. Life Ins. Co., 98

Mass. 381; Morgan v. Bloomington Mutual Life B. Ass'n, 32 Ill. App. 79; Prudential Ins. Co. v. Fredericks, 41 Ill. App. 419; Bloomington Mutual Life Ben. Ass'n v. Cummins, 53 Ill. App. 530.

Answers must be substantially true in fact, even if question and answer constitute a representation and not a warranty. Cobb v. Covenant Mutual Ben. Ass'n, 153 Mass. 176, 26 N. E. Rep. 230; Metropolitan Life Insurance Co. v. McTague, 49 N. J. L. 591, 9 Atl. Rep. 766; Bacon on Benefit Societies, Sec. 240a; Bloomington Mutual Life B. Ass'n v. Cummings, 53 Ill. App. 537; Morgan v. Bloomington Mutual Life B. Ass'n, 32 Ill. App. 81; Northwestern B. & Mutual Aid Ass'n v. Hall, 118 Ill. 169; Grange Mill Co. v. Western Assurance Co., 118 Ill. 396.

Assured, by accepting and retaining for nineteen months the certificate, with a copy of the false answers attached, adopted and approved same, and by his retention and payment of subsequent assessments became a party to a fraud upon appellant, which avoids the contract. New York Life Ins. Co. v. Fletcher, 117 U. S. 532; Swan v. Watertown Fire Ins. Co., 96 Pa. St. 43; American Ins. Co. v. Neiberger, 74 Mo. 167; Richardson v. Maine Ins. Co., 46 Me. 394; Goddard v. Monitor M. F. Ins. Co., 108 Mass. 56.

Questions concerning the last consultation of a physician are extremely material. Cobb v. Covenant Mut. Ben. Ass'n, 153 Mass. 176, 26 N. E. Rep. 230; Metropolitan Life Ins. Co. v. McTague, 49 N. J. L. 587, 9 Atl. Rep. 766.

It is not necessary to show that a truthful disclosure of the fact of the illness for which Arnhorst had been treated by Dr. Mai would have resulted in his rejection when he applied for insurance. It is not competent to show by evidence what the effect would have been upon the medical director of the appellant. Higbie v. Guardian Mut. Life Ins. Co., 53 N. Y. 603; Northwestern B. & Mutual Aid Ass'n v. Hall, 118 Ill. 169.

CARLOS J. WARD, attorney for appellee.

The certificate and the whole contract are to be construed strictly against the insurance company. Aurora Fire Ins.

National Union v. Arnhorst.

Co. v. Eddy, 55 Ill. 213; Schmidt v. Peoria M. & F. Ins. Co., 41 Ill. 295; Continental Life Ins. Co. v. Rogers, 119 Ill. 474.

The falsity of the answers must be alleged and proven. And even though called warranties may be construed as representations.    Continental Life Ins. Co. v. Rogers, 119 Ill. 474; Guardian Mutual Life Ins. Co. v. Hogan, 80 Ill. 35; Herron v. Peoria M. & F. Ins. Co., 28 Ill. 235; Illinois F. Ins. Co. v. Stanton, 57 Ill. 354.

Where the application is made a part of the policy, but the statements there made are called representations, they will be so considered, and not as warranties.    And it is sufficient if they are materially true.    The fact of whether they materially affect the risk is also to be considered. Houghton v. Manufacturers' Mutual Fire Ins. Co., 8 Met. (Mass.) 114; Boardman v. New Hampshire Mut. F. Ins. Co., 20 N. H. 557; Virginia F. & M. Ins. Co. v. Kloeber, 31 Gratt. (Va.) 749; Daniels v. Hudson R. F. Ins. Co., 12 Cush. 416; Farmers Ins. & Loan Co. v. Snyder, 16 Wend. 481.

No statements are to be considered as warranties except it is expressly and particularly provided in the contract that they are such.    Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Illinois M. Ben. S. v. Winthrop, 85 Ill. 537; Mutual Benefit L. Ins. Co. v. Robertson, 59 Ill. 123.

Warranties are not to be created or extended by construction.    "When, therefore, from the designation of such statements as statements, or as representations, or from the form in which they are expressed, there appears to be no intention to give them the force of warranties, they will not be so considered."    Moulor v. American L. Ins. Co., 111 U. S. 335.

In case of doubt as to whether a statement or stipulation is a warranty or merely a representation, the latter construction should be given.    28 Am. and Eng. Encyclopedia of Law, 764, and cases cited.

If representations are made in good faith, without any intention to deceive, the fact that they are not true will not avoid the policy.    The Illinois Masons Ben. So. v. Winthrop, 85 Ill. 537; Moulor v. American L. Ins. Co., 111 U. S. 335;

Campbell v. New England M. L. Ins. Co., 98 Mass. 381; Price v. Phoenix M. L. Ins. Co., 17 Minn. 497.

A representation is no part of the contract, but an inducement to it. Bloomington M. L. B. Ass'n v. Cummings, 53 Ill. App. 530; Glendale Woolen Co. v. Protection I. Co., 21 Conn. 19.

If the representation did not induce the risk it can not vitiate the policy. Carter v. Boehm, 3 Burr. 1905; Biays v. The Union Ins. Co., 1 Wash. Cir. C. R. 506; Lord v. Dall, 12 Mass. 115; Swete v. Fairlie, 6 Carr. & Payne, 1; Huguenin v. Rayley, 6 Taunton, 186.

Misstatement does not necessarily avoid the policy. Northwestern Mutual Life Ins. Co. v. Heimann, 93 Ind. 24; Hill v. Lafayette Ins. Co., 2 Mich. 476.

The expression of an opinion in the application, if honestly made, is not a misrepresentation, even though untrue. Dennison v. Thomaston Mutual Ins. Co., 20 Me. 125.

Where answers were written by a medical examiner and there is evidence to show that they were not correctly transcribed, the company and not the insured is responsible for the misstatement. Grattan v. Metropolitan L. Ins. Co., 92 N. Y. 274.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellant, a benefit insurance association, filed its bill December 23, 1896, praying a decree declaring null and void and for a cancellation of its benefit certificate of insurance, issued May 16, 1895, to one of its members, Joseph V. Arnhorst, in favor of appellee, his wife, as beneficiary, for the sum of $5,000. After a hearing before the chancellor the bill was dismissed for want of equity, from which decree this appeal was taken.

The bill alleges, and the proof shows, that when Arnhorst was examined for membership in the association as to his physical condition, personal and family history, by Dr. Johnstone, the medical examiner of the association, he was asked, among others, the following questions, and made the following answers, to wit: "When did you last consult a physician?" "Four and a half years ago." "What for?"

" Acute bronchitis; two weeks ill; good recovery."   " Give name and address of physician."   " Dr. Eli McClelland, U. S. A., since deceased."   The bill further alleges that these answers were untrue, and known by Arnhorst to be untrue when made, and that they were made with intent to defraud the association.

The medical examination is on the same sheet of paper as Arnhorst's application to become a member, and the answers are certified by him (he signing the certificate) to be correct.

The application, also signed by Arnhorst, contains the following statement: "I do hereby consent and agree that any untrue statement made above or to the medical examiner, or any concealment of facts by me in this application, in regard to my health, habits or circumstances, or any suspension from or voluntary severing my connection with the order, shall forfeit the rights of myself and my family or beneficiary to all benefits and privileges therein."

The benefit certificate issued to Arnhorst, which is also signed by him, contains the following : " This certificate is granted upon the express condition that all statements and representations made by the said member in his application for membership in said council and all statements made to the medical examiner by him are true.   The application of the member, a copy of which is hereto attached, is hereby made a part of this certificate."   *   *   *   "I accept this certificate on the conditions herein named."

The evidence also shows that the answers made by Arnhorst, as above detailed, were untrue—at least they did not contain the whole truth in relation to the matters inquired about by the medical examiner, in this, that it was shown by several witnesses that Arnhorst was, in September and December, 1893, and January, 1894, afflicted with what was termed by one of the physicians who attended him, gastroduodenitis, from which he suffered intensely; that hypodermic injections of opium, morphine and bismuth were used to relieve his sufferings; that during his illness he was treated by Drs. Mai and Appel, and that Dr. Mai at these times told Arnhorst the name of his ailment was gastroduodenitis, and appellee says Dr. Mai also said at

the second or third time he thought it was appendicitis, or something similar.

There was evidence on behalf of appellee tending to show that on the first occasion Dr. Mai attended Arnhorst, he was only suffering from inflammation of the stomach, and that he was also mistaken in his diagnosis of Arnhorst's trouble; also that the cause of his death, cancer, was in no way connected with or attributable to his condition at the time he was treated by Drs. Mai and Appel. We think this evidence was immaterial, for the reason the association was entitled to the full truth from Arnhorst at the time of his examination; his statements in his application and medical examination amounted to warranty, and had he told the truth, in all probability the benefit certificate would never have been issued to him.

Arnhorst died March 6, 1897, after having answered the bill and after his deposition had been taken. He testified that he did not read the whole application, but that he did not recollect whether the questions and answers of the medical examination were read to him or not, and that he was at liberty to examine the paper, if he had so desired, before he signed it. He also testified that to the question " When did you last consult a physician ? " his answer was, " I was attended by a physician within a year and a half, and again by one three years and a half," but he did not testify as to what his answers were to the two questions following, " What for ? " and " Give name and address of physician." He further testified that after he was treated by Dr. McClelland, he was also treated by Dr. Mai and two Doctors Appel, but the application and medical examiner's report fail to show that either of these three physicians treated him, or for what they treated him.

That Arnhorst's application was a part of the insurance contract between him and the association and his answers to the above questions put to him were warranties and must be truthfully answered in order that the contract of insurance bind the association is clearly the law, and fully established by the authorities, can not, in our opinion, be questioned. 3 Joyce on Ins., Secs. 1951, 1957, 1962, 1970,

1972, 1974, 1975, and cases cited; Bloomington Mut. Life, B. Ass'n v. Cummins, 53 Ill. App. 537; Morgan v. Bloomington Mut. Life B. Ass'n, 32 Ill. App. 81; Thomas v. Fame Ins. Co., 108 Ill. 91; Northwestern B. & Mutual Aid Ass'n v. Hall, 118 Ill. 169.

If they are warranties, their materiality to the risk is immaterial, and the question of good faith and honesty of the insured is not important.

If the whole contract of insurance, including the application, medical examiner's report and benefit certificate, when construed together, do not make the answers to these questions warranties, but simply representations, still they are certainly material to the risk, and must be substantially true in order to make the association liable. 1 Bacon on Ben. Societies, Sec. 212, 230a; Morgan case, *supra;* Cummins case, *supra;* Continental Life Ins. Co. v. Rogers, 119 Ill. 474; Cobb v. Covenant M. B. Ass'n, 153 Mass. 176; Metropolitan Life Ins. Co. v. McTague, 49 N. J. Law, 587.

Another reason why this insurance certificate should be declared void and surrendered for cancellation, is that (if these answers are material to the risk, and they certainly are) Arnhorst accepted the certificate knowing the misrepresentations made to the medical examiner, and retained it for more than a year and a half among his other valuable papers, where he frequently saw it, and therefore must be charged with knowledge of what the answers were. By these acts he adopted and approved the answers, as written by the medical examiner, and appellee can not now claim any benefit from his contract based on his untruthful statements. The association had no knowledge that the statements were untrue until a few days before the bill was filed. New York Life Ins. Co. v. Fletcher, 117 U. S. 532, and cases cited; American Ins. Co. v. Neiberger, 74 Mo. 167; Richardson v. Maine Ins. Co., 46 Me. 394; Goddard v. Monitor Ins. Co., 108 Mass. 56.

The decree of the Superior Court is reversed, and the cause remanded, with directions to enter a decree granting the relief prayed in the bill.

*Reversed and remanded with directions.*