Richard F. Moone, Appellant, v. Commercial Casualty Insurance Company, Appellee.

Gen. No. 45,290.

Opinion filed March 7, 1951.
Rehearing denied April 5, 1951. Released for publication April 6, 1951.

HUGH M. MATCHETT, of Chicago, for appellant;
RICHARD F. MOONE, *pro se,* of counsel.

SAMUEL LEVIN, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action to recover $750.00 disability and surgical benefits under a group life insurance plan covering members of the Chicago Bar Association. The amended complaint was stricken and, plaintiff electing to stand on this pleading, the suit was dismissed at his costs.

Defendant's motion admits the facts well pleaded. Plaintiff has been a member of the Chicago Bar Association for more than ten years. About July 10, 1949, a salesman for defendant's Chicago agent called on plaintiff to sell him a disability policy under the group plan. He told the salesman of a ten year history of stomach ulcers, saying that he had been dis-

abled because of ulcers in 1945. The salesman expressed doubt that defendant would accept plaintiff as a risk. Plaintiff, at the salesman's suggestion, signed the application for the policy in blank. August 22, 1949, he received defendant's Certificate of Insurance from the office of defendant's Chicago agent. The same day plaintiff mailed his premium check which was paid in due course by his bank. The effective date stated in the certificate was August 15, 1949.

Attached to the certificate is a copy of the Enrollment Application. It is dated August 3, 1949. The pertinent questions and answers are:

7. Have you been disabled by either accident or illness or received medical attention during the past five years? Yes. When? July 1945. Duration? 3–4 weeks. For what? Suspected ulcer.

8. Are you now to the best of your knowledge in sound condition physically and mentally? Yes—no disability in last 4 years.

About August 6th plaintiff suffered a severe sunburn and about August 16th a severe stomach ulcer attack. August 19th his doctor advised corrective surgery and on August 24th plaintiff entered a hospital. August 29th a "gastric resection, partial with gastrojejunostomy" was performed. We think this means that part of the stomach and middle division of the small intestine was removed. Proof of loss and the doctor bill were duly forwarded to defendant's Chicago agent. Defendant rejected plaintiff's claim of disability on the ground that the policy was invalid because issued on false information contained in the application. The amount of the premium which defendant had paid was held by defendant for disposition according to plaintiff's instruction. The claim is for $500.00 disability at $50.00 per week and $225.00 surgical benefits.

599

■ The question is whether the complaint states a cause of action. A copy of the Certificate of Insurance is attached to the amended complaint as an exhibit. The exhibit controls where statements in it are inconsistent with allegations in the complaint.

■ ■ The complaint alleges that "Mr. Hughes, salesman for Parker, Aleshire & Company, agent for defendant," was informed by plaintiff of the latter's stomach ulcer history and previous disability because of ulcers in 1945. The term "salesman" is not of itself sufficient to denote lack of authority in Hughes to do what plaintiff alleges that he did. Plaintiff concedes that the term "salesman" in the complaint is used synonymously with the term "solicitor" in the statute. A solicitor, under the Insurance Act (Chap. 73, par. 1065.37, Ill. Rev. St. 1949 .[Jones Ill. Stats. Ann. 66.1128 (37)]), is one who aids in soliciting or negotiating insurance policies on behalf of a licensed agent or broker. Plaintiff does not concede that Hughes, the salesman for defendant's agent, was not an agent whose knowledge of facts material to the risk was knowledge of defendant. *Phenix Ins. Co. v. Stocks et al.,* 149 Ill. 319; *Michigan Mutual Life Ins. Co. v. Hall,* 60 Ill. App. 159; *Guter v. Security Benefit Ass'n,* 335 Ill. 174; *Home Ins. Co. v. Mendenhall,* 164 Ill. 458. His claim is estoppel, not waiver as in *Sommerio v. Prudential Ins. Co.,* 289 Ill. App. 520, cited by defendant.

Plaintiff does not charge that Hughes filled in the blank spaces in the signed application. He alleges that he has no way of knowing whether the application is a true copy of the application submitted by Hughes.

■ ■ The allegation as to the conversation with Hughes, in view of what we have said hereinabove as to the allegation with respect to the authority of the salesman, cannot be disregarded on the question before us on the ground that it would alter or vary the

terms of the certificate. Similar conversations with an agent and medical examiner in *Nogulich v. Metropolitan Life Ins. Co.,* 317 Ill. App. 411, were held to be admissible for the purpose of showing estoppel or waiver. It is our view that the question of lack of authority on the part of Hughes is a matter of defense.

■ Defendant argues that plaintiff had the duty to read the Certificate of Insurance, including the application, when it was delivered so that any mistakes appearing therein might be corrected. There is authority for this argument. *National Union v. Arnhorst,* 74 Ill. App. 482; *McGreevy v. National Union,* 152 Ill. App. 62; *New York Life Ins. Co. v. Fletcher,* 117 U. S. 519; *Metropolitan Life Ins. Co. v. Alterovitz,* 214 Ind. 186, 14 N. E. 2d 570; *Rinker v. Aetna Life Ins. Co.,* 214 Pa. 608. It is clear from the complaint that, assuming without deciding he had the duty, plaintiff read the certificate. He made proof of loss on September 9th and on September 23, 1949, made his claim. We presume that these steps were taken pursuant to the terms of the policy.

■ We need not presume that he read the application. He alleges that he had stomach ulcers. The proof of loss and plaintiff's statement of sickness, as shown by the exhibit attached to the complaint, were based on stomach ulcers. This was notice to the defendant that the plaintiff did not ratify the "suspected ulcer" answer in the application and was notice of a mistake. Defendant, October 4, 1949, in rejecting plaintiff's claim, indicated that it had been put on notice by the proof of loss. By letter it informed plaintiff the certificate was issued on the information in the application "which information you have admitted to us is incorrect".

■ The defendant contends that the complaint shows that the illness which caused the disability, the basis of the complaint, began before the effective date

of the certificate and the claim therefore is not payable. In *Stephenson v. North American Life Ins. Co.,* 230 Mo. App. 560, 94 S. W. 2d 937, plaintiff was disabled before the effective date and in *The Praetorians v. Hicks,* 175 So. (Ala.) 258, the accident occurred before the policy was "in force for one month" and accordingly before there was coverage. Other cases cited by defendant on this point are distinguishable in a similar way. In the instant case the plaintiff alleges that he told Hughes the stomach ulcer history. The next stomach ulcer attack after this conversation was August 16, 1949, the day after the effective date of the certificate. The inference from the allegations is that it was from this attack that the subsequent disability arose.

We conclude that the complaint states a cause of action and that the court committed error in sustaining the motion to strike and in dismissing the suit.

The judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed and cause remanded for further proceedings.*

Burke, P. J., and Lewe, J., concur.