STEPHEN KERN

*v.*

SAMUEL D. STRASBERGER *et al.*

1. PRACTICE—*affidavit showing nature of demand and amount due—effect of, when filed with declaration.* The only purpose subserved by the affidavit of the plaintiff showing the nature of his demand, and the amount due, filed with his declaration, is, to entitle him to a judgment, as in case of default, unless the defendant shall file an affidavit of merits with his plea; and in case of such default, the affidavit so filed with the declaration may be taken as *prima facie* evidence of the amount due, but even this is discretionary with the court.

2. Whether the plaintiff will file such an affidavit, is entirely optional with himself, and if he does not do so; or files an insufficient one, the only effect such failure can have upon the suit is, that the defendant is entitled to plead without accompanying his plea with an affidavit of merits.

3. But, if proper service is had, and the declaration is filed in apt time, the suit stands for trial, and the defendant must enter his appearance and plead, or a judgment may be taken against him by default.

4. PRESUMPTION *in favor of regularity of judgment.* Where the court has jurisdiction of the parties and of the subject matter of litigation, every presumption of law is in favor of the regularity of the judgment.

5. EVIDENCE — *must be preserved by bill of exceptions.* In cases at law, evidence can only be preserved in the record by bill of exceptions, and the correctness of the finding of the court below will not be exam-

ined in the Supreme Court unless all the evidence upon which the court below acted is thus preserved, and the same principle applies to circuit courts in reviewing the decisions of the county court.

6. APPEAL *from county court to circuit court—remanding order.* When a judgment of the county court is affirmed by the circuit court, it is not necessary to remand the cause to the county court for further action. The order affirming the judgment is all that is necessary, and upon filing a copy of that order with the clerk of the county court, execution will issue on the judgment, as rendered by that court, without any further order.

APPEAL from the Circuit Court of Vermilion county; the Hon. JAMES STEELE, Judge, presiding.

Mr. EDWARD H. BRACKETT, and Mr. LUKE REILLY, for the appellant.

Mr. C. M. SWALLOW, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

This was an action of assumpsit, commenced by appellees against appellant and five others, of whom appellant, only, was served with process, in the county court of Vermilion county. Judgment by default was there rendered in favor of appellees, and against appellant, for the sum of $308.80, from which appellant appealed to the circuit court of that county, where the judgment of the county court was affirmed. This appeal is prosecuted for the purpose of reversing that judgment, on two grounds, which we will notice in the order they are urged.

*First*—It appears that the suit was brought to recover the amount due on an account, a copy of the various items of which were annexed to the declaration as a bill of particulars. What purports to be the affidavit of one of the plaintiffs, showing the nature of their demand and the amount due them, sworn to before an alderman and *ex officio* justice of the peace of the city of Pittsburg, in the State of Pennsylvania, was annexed to and filed with the declaration.

It is argued that, because there is no sufficient evidence of the official character of the person before whom this affidavit was sworn to, it was a nullity; and the conclusion sought to be established is, that the default was therefore unauthorized, and the judgment erroneous.

It appears that the defendant was properly served with process more than ten days before the first day of the term of court at which the judgment was rendered, and there is no bill of exceptions in the record showing what evidence was given on assessing damages.

It is not shown by the record that the defendant appeared in the county court and asked leave to plead to the declaration, disregarding the affidavit, or that he took, or attempted to take, exceptions to the affidavit.

The only purpose subserved by the affidavit of the plaintiff in such cases is, to entitle him to a judgment, as in case of default, unless the defendant shall file an affidavit of merits with his plea; and in case of such default, the affidavit so filed with the declaration may be taken as *prima facie* evidence of the amount due, but even this is discretionary with the court, for it is expressly provided that the court may require further evidence. 2 Gross' Stats., p. 288, secs. 36, 37.

But whether the plaintiff shall file such an affidavit with his declaration, or not, is entirely optional with himself. If he does not do so, or files an insufficient one, the only effect such failure can have upon the suit is, that the defendant is then entitled to plead to the declaration without accompanying his plea with an affidavit of merits. But if proper service is had, and the declaration filed in apt time, the suit stands for trial, and the defendant must enter his appearance and plead, or a judgment may be taken against him by default.

The 38th section of the Practice Act provides that, "For want of appearance, the court may give judgment by default," and by section 40 it is enacted that, "In all suits in the courts of record in this State, upon default, where damages are to be

20—71ST ILL.

assessed, it shall be lawful for the court to hear the evidence and assess the damages, without a jury for that purpose," etc. 2 Gross, *supra.*

It appears here that the county court had jurisdiction of the parties and of the subject matter of litigation, and every presumption of law is in favor of the regularity of the judgment.

The doctrine has been asserted over and over again, by this court, that evidence in cases at law can only be preserved in the record by bill of exceptions, and that this court will not undertake to examine the correctness of the finding of the court below, unless all the evidence upon which that court acted is thus preserved. The same principle applies to circuit courts in reviewing the decisions of the county court.

How, then, was the circuit court, or how are we, to know upon what evidence the damages were assessed by the county court, in the present case? The evidence is not before us. No bill of exceptions was taken showing that the affidavit annexed to the declaration was received as evidence, or the only evidence, or that no evidence was heard. We must presume, then, that legitimate evidence was introduced, which fully authorized the judgment as rendered.

The second and only remaining objection urged is, that the circuit court erred in not *remanding* the cause, or affirming the judgment of the county court back to that court for further and final action or judicial determination.

Even if this objection were well taken, it could not be taken advantage of by the appellant, for the plain reason that he is not injured by it.

But we do not conceive the objection, purely formal and technical as it is, to be well taken. The 3d section of the "Act to increase the jurisdiction of county courts," in force July 1st, 1872, provides, "Appeals and writs of error shall be allowed from the final judgments of the county court, in cases under this act, to the circuit court, to be taken and tried in the same manner as is now or may hereafter be provided by

law for appeals and writs of error from the circuit to the Supreme Court," etc.

The 82d section of the act in regard to practice in courts of record, is in these words: "When an appeal or writ of error shall be prosecuted from a judgment, decree or order, to the Supreme Court, and such appeal or writ of error is dismissed, or the judgment, decree or order is affirmed, upon a copy of the order of the Supreme Court being filed in the office of the clerk of the court from which the case was removed, execution may issue, and other proceedings be had, as if no appeal or writ of error had been prosecuted."

We think this section, under a fair and reasonable construction of the section last before quoted, applies to the circuit court in cases of appeal and writs of error prosecuted from the county court to that court.

The order of the circuit court, therefore, affirming the judgment of the county court, was all that was necessary, and upon filing a copy of that order with the clerk of the county court, execution will issue on the judgment, as rendered by that court, without any further order.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*