## William Stahl v. Sanford C. Pitney et al.

1. APPEALS AND ERRORS—*Bills of Exceptions Should Contain all the Evidence.*—The evidence in a case at law can only be preserved in the record by a bill of exceptions, and this court will not undertake to examine the correctness of the finding of the trial court upon questions of fact unless all the evidence upon which that court acted is thus preserved.

2. SAME—*A Bill of Exceptions Should State that it Contains all the Evidence.*—Where there is no statement in a bill of exceptions as signed by the trial judge, that it contains all the evidence given and heard on the trial of a cause, this court will presume that there was sufficient evidence to support the verdict and finding of the court.

3. SAME—*Presumption Where No Propositions of Law Were Presented.*—Where a case is tried by the court without a jury and no propositions of law are presented to be held or refused by the trial judge, this court will assume that the trial court held the law correctly.

**Transcript,** from a justice of the peace. Appeal from the County Court of Adams County; the Hon. CARL E. EPLER, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

L. H. BERGER and AKERS & BABCOCK, attorneys for appellant.

SHANNON & CHRISTIE, E. C. PETER and HAMILTON & WOODS, attorneys for appellees.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This suit was brought to recover the contract price of 7,500 locks for fastening egg cases. It was claimed by appellees in the trial court, that appellant purchased of appellees 10,000 of these fasteners, to be manufactured in a

good and workman-like manner, to be delivered as quickly as appellees could manufacture them. Of this order for 10,000 fasteners, 2,500 were completed and delivered to appellant on February 1, 1897, which he paid for at two and one half cents each, the contract price, March the 2d, 1897. The remaining 7,500 were tendered to appellant at his place of business February 23, 1897, and he refused to accept them, and they were stored subject to his order. These fasteners have never been paid for. After the first lot had been delivered, and before the 7,500 now in controversy had been tendered, appellant notified one of the appellees that he could not use them. This, however, was after the material for the whole 10,000 had been ordered and cut, so it was useless for any other purpose.

The case was tried in the County Court without the intervention of a jury, and judgment was rendered by the court in favor of appellees and against appellant for $187.50 and costs of suit, from which judgment the present appeal is prosecuted.

The witnesses testified in open court. The trial judge saw and heard them while testifying; their testimony was conflicting on the issues of fact. It was for him to determine with whom rested the weight of the evidence. This the trial judge did. In doing it we think he should be sustained.

There being no statement in the bill of exceptions as signed by the judge, that it contained all the evidence given and heard on the trial of the cause, this court will presume that there was sufficient to support the verdict and finding of the court. Fuller v. Bates, 6 Ill. App. 442. The Supreme Court in passing on this question, in the case of Kern v. Strasberger, 71 Ill. 303, say: "The doctrine has been asserted over and over again by this court, that evidence in cases at law can only be preserved in the record by bills of exceptions, and that this court will not undertake to examine the correctness of the finding of the court below, unless all the evidence upon which the court acted is thus preserved." The record in this case is defective in this regard.

As the appellant did not present any propositions of law to be held or refused by the trial judge in the court below, on the trial of the cause, in accordance with the 42d section of the Practice Act, where there is a trial by the court without a jury, as in this case, we must assume that the trial court held the law correctly. First Nat. Bank of Michigan City v. Haskell, 124 Ill. 587; Northwestern Ben. & Mutual Aid Assn. v. Hall; 118 Ill. 169.

For the reasons above suggested, the judgment of the County Court must be affirmed.