## M. Felix Dachsenbuehler v. The People, etc.

1. PRACTICE—*When the Appellate Court Can Examine the Correctness of the Verdict.*—The Appellate Court can not undertake to examine the correctness of a verdict, unless all the evidence is preserved by bill of exceptions.

2. MOTIONS FOR NEW TRIAL—*How It May Be Preserved.*—The only mode in which a motion for a new trial may be preserved is by a bill of exceptions.

3. CRIMINAL LAW—*Judgment When Defendant is Convicted on Two Counts.*—Where a defendant is convicted on two counts of an indictment for the illegal sale of intoxicating liquor, the judgment of imprisonment should be for a specified time under each count, the time under the second to commence at the end of the first.

Indictment, for illegal sale of liquors. Error to the Circuit Court of Mercer County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded with directions. Opinion filed June 8, 1900.

McENIRY & McENIRY and CONNELL & THOMASON, attorneys for plaintiff in error.

JAMES M. BROCK, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Plaintiff in error was convicted in the court below of the illegal sale of liquor under an indictment containing four counts. The first charged the illegal sale of liquor in less quantity than five gallons; the second, the illegal sale of liquor not in the original packages as put up by the manufacturer; the third, the sale of liquor in less quantities than five gallons, not in the original packages as put up by the manufacturer; the fourth was substantially the same as the second. All the counts charged the place of sale as not being within the corporate limits of any city, town or village. Plaintiff in error was found guilty on the first and third counts and fined $75 under each. The court also imposed a general sentence of thirty days' imprisonment in

the county jail, without specifying the count or counts under which he was so sentenced.

The bill of exceptions in this case does not purport to contain all the evidence. In such case the court will presume that the evidence was sufficient to support the verdict.

The court can not undertake to examine the correctness of the verdict unless all the evidence is preserved by bill of exceptions. Kern v. Strasberger et al., 71 Ill. 303; Stahl v. Pitney, 75 Ill. App. 649.

The bill of exceptions was also defective in not containing a motion for a new trial. It is true that the clerk has copied into the transcript what purports to be a motion for a new trial, but this is not sufficient, as the only mode in which the motion can be preserved is by the bill of exceptions. Harris v. The People, 130 Ill 457.

It follows that all questions growing out of the evidence and those based upon rulings of the court which require a motion for a new trial to preserve them, are not properly before this court. We have examined the two instructions complained of and do not find them objectionable when read together with all the other instructions in the case. The general judgment of imprisonment entered by the court, to which the plaintiff in error duly excepted, was not proper. The judgment should have been for a specified term under each count, the time under the second to commence at the end of the first. Bolun v. The People, 73 Ill. 488; Mullinix v. The People, 76 Ill. 211.

Attorney for the defendant in error represents that the error in the judgment was made by the clerk in entering it and that the judge's minutes are correct. However this may be, as no steps have been taken to correct the error we must consider the judgment as we find it in the record. For the error above mentioned, the judgment is reversed and the cause remanded; but on the authority of Creed v. The People, 81 Ill. 565, and Dyer v. The People, 84 Ill. 624, the court below is instructed to enter a proper judgment on the verdict.

Reversed and remanded with directions.