SWIFT & CO.

*v.*

PATRICK RONAN.

*Opinion filed February 18, 1903—Rehearing denied April 24, 1903.*

TRIAL—*when it is error to refuse peremptory instruction.* Where the evidence in an action by a servant against the master for personal injury does not tend to identify the instrumentality inflicting the injury as one under the control of the master or his servants, it is error to refuse to order a verdict by peremptory instruction.

MAGRUDER, C. J., dissenting.

*Swift & Co. v. Ronan,* 103 Ill. App. 475, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding.

This was an action on the case, brought in the city court of East St. Louis by appellee, against the appellant, to recover damages for an injury received by him while in its employ.

The facts are as follows: Appellant was engaged in a general slaughtering and packing business near the city of East St. Louis, occupying a tract of ground which was enclosed by a high board fence, with its slaughter and packing houses, yards and railway tracks. On November 3, 1900, appellee was engaged in salting the sides

of beef that were being packed in a refrigerator car for shipment, and while at this work a locomotive struck the string of cars of which the car in which appellee was at work was one, with such violence that he was thrown with great force against the handle of a shovel he was then using and against a meat truck in the car, thereby producing a rupture on his right side.

The declaration contains but one count. After the usual allegations of ownership, user, etc., and the employment of the defendant as a laborer, it charges it was the duty of appellant to provide a reasonably safe place for appellee to work in, and, while he was in the discharge of his duty in said car and exercising ordinary care and diligence, that appellant wrongfully and negligently caused or permitted a locomotive engine to back or run over the track and against the cars standing thereon some distance from the refrigerator car, and drive them with great force and violence against said car in which said plaintiff was at work, and thereby throw him with great violence against the shovel and the truck and then against the jamb of the door, and in the jerk and the fall the plaintiff was strained and ruptured and permanently injured, alleging loss of time, pain and suffering, expenditures for medical aid and medicine, and inability to perform heavy work or hard labor, and the damage of appellee in the sum of $5000.

On trial a verdict resulted in favor of appellee for the sum of $2500, which was subsequently reduced, by entering a *remittitur*, to $2000. Judgment was thereupon rendered, and appellant perfected an appeal to the Appellate Court for the Fourth District, where the judgment of the city court was affirmed, from which judgment a further appeal has been prosecuted to this court.

A. & J. F. LEE, and C. E. POPE, for appellant.

FREELS & JOYCE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellant, at the close of the plaintiff's evidence, asked the court that the jury be instructed to find for the defendant, which instruction was refused. This motion was renewed at the close of all the evidence and the instruction again refused. The refusal to give this instruction to the jury requires an examination of the record by this court for the purpose of ascertaining whether the evidence tends to make a case which sustains the allegations of the declaration.

Clearly there can be no recovery against appellant except on the theory that the engine crew causing the accident was under its control to such an extent as to establish the relation of master and servant. (*Foster* v. *Wadsworth-Howland Co*. 168 Ill. 514; *Hexamer* v. *Webb*, 101 N. Y. 377.) This seems to be conceded by appellee to be the law. He contends, however, that the relation of master and servant was established, by the proof, between appellant and the National Stock Yards Company of East St. Louis. Assuming that this is true, it would still be necessary to establish, by a preponderance of the evidence, that the engine and crew causing the accident was that of the National Stock Yards Company acting as the servant of appellant, and this we think he has failed to do. The testimony on this point is as follows:

Q. "Mr. Ronan, didn't you look around there to see what it was that struck the car, when you came out of it?

A. "I did not look; I knew it was an engine struck it.

Q. "I am not asking you what you know. I ask you if you looked to see what it was that struck the car.

A. "I seen an engine; I could not say what engine; I seen an engine up there.

Q. "That was the engine that struck the car, wasn't it?

A. "I suppose so.

Q. "You don't know whose engine that was that came in there?

A. "I would not swear, no.

Q. "You don't know anything about that?

A. "No, sir; I would not swear whose engine it was."

The only other testimony in the record upon this point. was that of Beasley, foreman of the stock yards switch-ing crew which was on duty at appellant's plant during each working day, who on direct examination testified:

Q. "Do you know anything about the accident to Mr. Ronan?

A. "No, sir, not a thing; I did not know Mr. Ronan at all only since the last trial."

And on cross-examination:

Q. "I believe you said when you were here the last time that you were in Swift's yard with this engine on the 3d of November, but whether you were there on the occasion when this man was hurt you could not say?

A. "Yes, I did; I think that is the way.

Q. "Were you there that day?

A. "I am pretty positive I was there that day, Mr. Lee, but whether I was there at the time of the accident I could not say.

Q. "What other engines went in that yard besides your own?

A. "The Bridge company, the Cotton Belt, the Clover Leaf and the Air Line,—or the Southern now."

This was all the testimony as to the identity of the engine causing the accident. We do not think this can be said to tend to prove that it was the engine and crew of the National Stock Yards Company which appellee contends was occupying the position of servant to ap-pellant, and in our opinion the question of master and servant is of no importance until the identity of the en-gine and crew causing the accident is established. It is apparent from the evidence that the accident might have been caused by an engine of one of the railroad compa-nies which the proof shows also went in the appellant's yards, and that there was no evidence upon which to base a finding that it was the engine of the National Stock.

Yards Company which caused the accident. It is not claimed the relation of master and servant existed between the railroad companies whose engines entered said yards, and appellant. It was vital to the case of appellee that he connect the National Stock Yards Company engine with the accident. Failing in this, no case was made, and the court should have so instructed the jury.

The judgments of the Appellate and city courts will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. CHIEF JUSTICE MAGRUDER, dissenting: Questions of fact, in cases submitted to juries, are for the determination of the jury, and not of this court.