### Patrick Ronan v. Swift & Company.

1. BILL OF EXCEPTIONS—*effect of failure to show that it contains all the evidence.* Where the bill of exceptions does not recite that it contains all the evidence heard by the trial court, the presumption will be indulged that the verdict and judgment are warranted by the evidence heard by that court.

Action on the case for personal injuries. Error to the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

FREELS & JOYCE, for plaintiff in error.

A. & J. F. LEE and C. E. POPE, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action on the case brought by plaintiff in error against defendant in error to recover damages for personal injuries received by him while in its service.

At the time of his injury, plaintiff in error was working in a refrigerator car which was being loaded for shipment by defendant in error at one of its packing houses near the city of East St. Louis. While plaintiff in error was so engaged a locomotive struck the line of cars of which said refrigerator car was one, with such force that plaintiff in error was thrown against the handle of a shovel which he was using in his work and severely injured.

Upon the trial of the case, the jury found for plaintiff in error and assessed his damages at the sum of $2,500, but a *remittitur* of $500 was entered and judgment rendered for $2,000. Defendant in error prosecuted an appeal to this court, where the judgment of the court below was affirmed. The case was then appealed to the Supreme Court, where the judgment was reversed and the cause remanded to the trial court. Swift & Co. v. Ronan, 202 Ill. 202. A remanding order was filed in the court below and on the next trial, the court at the close of plaintiff's evidence, upon the request of the defendant, gave an instruction excluding the evidence from the jury and directing a verdict in favor of defendant. A verdict was found in accordance with the instruction, judgment rendered against plaintiff for costs and he brings the case to this court by writ of error.

Plaintiff in error asserts that an examination of the evidence in the case will show that it sustains and proves the allegations of the declaration that the injuries complained of by the plaintiff were caused by the gross negligence of the defendant, and his argument in favor of a reversal of the judgment is based entirely upon the theory that the evidence introduced made out such a case as entitled him to recover in the court below. But the bill of exceptions

appearing in this case does not purport to contain all the evidence introduced on the trial, there being no certificate to that effect.

Where the error relied upon to reverse the judgment is that the verdict was contrary to the evidence, it must appear that all the evidence is preserved by the bill of exceptions and it must so state, otherwise the court will presume that the verdict was warranted by the evidence. Nason v. Letz, 73 Ill. 371; Kimball Co. v. Cruikshank, 90 Ill. App. 3; Stahl v. Pitney, 75 Ill. App. 649.

The judgment of the court below in this case will therefore have to be affirmed.

We have, however, examined the case presented by the record and are of opinion that the court below in sustaining the motion of defendant in error to exclude the evidence and direct a verdict in its favor, followed the rule laid down by the Supreme Court as governing the case, when it was before that court on the former occasion above referred to, and that there was nothing in the facts developed on the last hearing which would warrant the trial court in departing from that rule.

*Affirmed.*