### William Edgar Revis, Plaintiff in Error, v. Toledo, St. Louis & Western Railroad Company, Defendant in Error.

1. MASTER AND SERVANT—*when relation not established.* Held, that the evidence in this case did not establish a contract of employment and that the relation of master and servant was not shown to have existed at the time of the injury complained of.

2. MASTER AND SERVANT—*when unlawful employment of minor does not authorize recovery.* In order that an injury sustained by a minor claimed to have been unlawfully employed at extra-hazardous work may be the basis of a recovery it must appear that such injury was occasioned by such unlawful employment.

Action in case for personal injuries. Error to the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

C. H. Burton and Dan McGlynn, for plaintiff in error.

C. E. Pope, for defendant in error; Charles A. Schmettau, of counsel.

Mr. Presiding Justice Myers delivered the opinion of the court.

This is an action in case to recover damages for injuries alleged to have been sustained by plaintiff in error, a minor under sixteen years of age, while in the employ of the defendant in error.

The amended declaration in two counts alleges, in substance, that on the 18th day of June, 1905, the defendant employed the plaintiff, then under sixteen years of age, as a call boy and messenger to work in and about its yards and a turn-table therein located, that the turn-table was dangerous to the life and limb of minors under sixteen years old, and that while in line of duty, standing on the turn-table, it was moved by other servants of the defendant, and caused the injury complained of. After a demurrer to the declaration was overruled by the court, the defendant filed a plea of not guilty. At the conclusion of the plaintiff's evidence in a trial by a jury, the court, on motion of the defendant, instructed the jury to find the defendant not guilty. A motion for new trial was made and overruled and judgment rendered on the verdict, from which the plaintiff sued out a writ of error.

Under the evidence appearing of record we think the trial court did not err in taking the case from the jury by peremptory instruction. There was lack of evidence to prove at least two material allegations, without which, a verdict other than not guilty, could not be sustained. The first of these is the allegation that the plaintiff was employed by the defendant. The evidence produced in support of this proposition was to the effect that Noah Merriman, an employe of the defendant, hired or employed the plaintiff to assist him,

Merriman, for one night, and while so employed and working, not for the defendant but for Merriman, he was injured. Merriman testifies that he got his fingers hurt that day and arranged with the plaintiff and his mother that plaintiff should go with him at night and assist in the duties for which Merriman was employed, which was to call the crews for outgoing trains, and to clean, fill and trim lamps at the round-houses where the engines were kept. Merriman reported to his foreman his arrangement with plaintiff and the foreman said, "All right, go ahead." This does not show employment by the defendant. The plaintiff was employed and was to be paid by Merriman to work, not for the defendant but for Merriman. Such was the express agreement and understanding of all parties. Merriman was not authorized to employ plaintiff in the service of the defendant, nor did he report to the foreman that he had so employed him. The foreman's assent to Merriman's arrangement for temporary assistance cannot be held as an employment by the company. It was not so intended by the plaintiff, Merriman, or the foreman, and we think it would be unreasonable to say that the plaintiff was in the employ of the defendant.

The other material allegation which fails for want of proof is, that the plaintiff was injured while in the line of duty about the service for which he was employed. Though the turn-table is in the vicinity of the round-house, where plaintiff's duties required him to be, there is nothing in the evidence to show that he had any business on or about the turn-table at the time of the accident. We understand it to be the law that the negligence, to be presumed from the employment of a minor within the prohibition of the statute, pertains only to consequences which result from such employment, and when seeking to hold the employer to liability for injuries sustained by the minor employe, it must be shown that he was injured by reason of such unlawful employment. American Car Co. v. Armentraut,

214 Ill. 509; Swift & Company v. Rennard, 119 Ill. App. 173.

The doctrine of what are known as the "turn-table cases" wherein it is held to be actionable negligence to leave exposed and unguarded dangerous machinery or contrivances, calculated to lure and injure children of tender age, has no application in this case, for that is not the charge made by this declaration. If the duties of the plaintiff required him to be upon or about the turn-table there would be force in the contention that he was in "extra hazardous employment," and that his injury was the result of such employment. But there is no evidence here to warrant that inference and, however inviting or alluring or dangerous to children may have been the turn-table, the plaintiff's yielding to the allurement and his injury in consequence, does not tend to prove that he was in the line of duty when injured.

It does not appear by bill of exceptions or certificate that all the evidence heard by the trial court is in the record before us, and for that reason alone the judgment should be affirmed according to well-established rule applied by this court in Ronan v. Swift & Company, 122 Ill. App. 256. In that case, as in this, the judgment was rendered upon a verdict returned under a peremptory instruction, and the error relied upon was that the verdict was contrary to the evidence. The propriety of the court's action in taking the case from the jury for want of evidence cannot be determined from a consideration of only a part of the evidence produced and heard in the trial below, but all the evidence must be shown by the record. Otherwise it will be presumed that the evidence omitted from the bill of exceptions justifies the verdict and judgment. For reasons indicated the judgment of the Circuit Court will be affirmed.

*Affirmed.*